433 P.2d 977

**Application of Gary Peter KLAHR to be admitted as a member of the State Bar of the State of Arizona.**

**No. 9040.**

Supreme Court of Arizona, In Banc.

Nov. 21, 1967.

Jack Cavness, Alfred Cox, Phoenix, for applicant.

Robert J. Welliever, Phoenix, for Committee on Examinations and Admissions.

PER CURIAM.

Gary Peter Klahr (hereinafter referred to as applicant) took the written examination for admission to the Bar in February of 1967; however, the Committee on Examinations and Admissions refused to grade his examination because doubt had been raised as to his moral character. On March 10, 1967, on a request by certain members of the regular committee to withdraw from consideration of this case, we ordered that a special committee investigate the qualifications of the applicant, and report their findings to this court. After a hearing on July 8th and 14th, 1967, a majority of the special committee filed their report in which they refused to recommend the applicant for admission "based on the existence of substantial doubt" as to his good moral character. A minority of two committee members filed a dissent in which they recommended that the applicant be admitted. On August 22, 1967, the applicant filed a petition for review and an application for admission to the State Bar of Arizona pursuant to our newly adopted Rule 28(c), XI(E), (C), 17 A.R.S., Ariz. Sup.Ct.Rules. On November 3, 1967, we entered an order in which we accepted the minority report of the Special Committee on Admissions. That minority report concluded that the evidence failed to overcome the applicant's prima facie proof of good moral character.

The findings of the majority of the Committee were in part the following:

"1. There was a substantial indication that the applicant was not candid in his testimony * * * and was less than truthful in his testimony as to participation in pending litigation in the Maricopa County Superior Court in two separate law suits (sic). As to these actions, the Committee finds that applicant had engaged in the unauthorized practice of law in matters of considerable gravity. Applicant has violated Section 33–261 A.R. S. * * *"

"2. The Committee finds that applicant has used the vehicle of public pressure through the device of soliciting newspaper coverage as to matters pending in Court. Though not yet a lawyer, applicant is trained to know the provisions of the Canons of Ethics, and particularly Canon 20."

"3. There is evidence from the letters of record supportive of the conclusion that applicant has demonstrated either willful dissembling or childish immaturity in seeking to justify the release of information which was confidential and privileged from a report of the applicant concerning internal affairs of the Maricopa County Juvenile Department * * *"

"4. There is evidence that applicant used the defense of minority to avoid obligations under circumstances where it may be fairly inferred applicant had full knowledge that he could disaffirm the contracts before he entered into them, and later used this legal power to avoid payment * * *"

The applicant is twenty-five years old, a native citizen of the United States, and has lived most of his life in Arizona, attending grammar school and high school in Phoenix. He was graduated number one in his class from the University of Arizona College of Law.

■ We have consistently held that the practice of law is not a privilege but a right, conditioned solely on the requirement that a person have the necessary mental, physical and moral qualifications. Application of Levine, 97 Ariz. 88, 397 P.2d 205 (1964); Application of Burke, 87 Ariz. 336, 351 P.2d 169 (1960).

■ One of the necessary qualifications for admission is that the applicant possess "good moral character". Application of Levine, supra; Application of Courtney, 83 Ariz. 231, 319 P.2d 991 (1957). The courts have strained to find an all inclusive definition for this phrase. For example, the Supreme Court of Vermont expressed the standards for determining whether an applicant lacks sufficient "good moral character" as follows:

"The test is whether that behavior truly portrays an inherent and fixed quality of character of an unsavory, dishonest, debased and corrupt nature." In re Monaghan, 222 A.2d 665 at 671(Vt.1966).

Nevertheless, and unfortunately for those who would like a black letter rule, the concept of "good moral character" escapes definition in the abstract. Instead, a particular case must be judged on its own merits, and an *ad hoc* determination in each instance must be made by the court.

■ We have also held in the past that the duty of the Committee on Examinations and Admissions is to refrain from certifying any applicant for admission who fails to convince them that he possesses the requisite integrity. Application of Levine, supra; Application of Courtney, supra. No stigma should attach to the Committee for carrying out its duty if we disagree with their findings. For the duty and responsibility is ours, based on this court's original and exclusive jurisdiction, to determine whether the Committee's findings are supported by competent evidence, and whether the applicant is morally fit to practice in this state. Application of Levine, supra.

■ We have examined the entire record of the proceedings before the Committee, and have considered the findings and recommendations set out in both the majority and minority reports. We have determined that although there is evidence in the record from which to conclude that the applicant Klahr displayed poor judgment and a lack of the maturity which is to be desired in an attorney at law, we do not find that this is sufficient to constitute a lack of good moral character.

We believe it would serve no useful purpose to discuss the evidence seriatum in view of our conclusion that the Committee has failed to overcome the applicant's proof of good moral character.

It is therefore ordered that the Committee on Examinations and Admissions grade his examination, and if he receives a passing grade, and upon subscribing to the oath and the payment of the customary fee, the Clerk will issue to Gary Peter Klahr a Certificate of Admission to practice law, and be admitted to membership in the State Bar of Arizona.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER and UDALL, JJ., concur.

NOTE: Justice LOCKWOOD, having disqualified herself, did not participate in the determination of this cause.