704 P.2d 1343

**In the Matter of the Application of Daniel SCHLITTNER To Be Admitted as a Member of the State Bar of Arizona.**

**No. SB–327.**

Supreme Court of Arizona,
In Banc.

May 21, 1985.

State Bar of Arizona, Committee on Character and Fitness by Roxana C. Bacon, Chairman, Phoenix.

Daniel Schlittner, pro se.

CAMERÓN, Justice.

This is a petition by Daniel Schlittner asking that, pursuant to Rule 26 of the Rules of the Supreme Court, 17A A.R.S., we waive the provisions of Rules 34(b)(2), (b)(4), and (c)(1)(D) of the Supreme Court, 17A A.R.S. and allow him to apply for admission to the Arizona Bar. We write this opinion to clarify the policy of the Court when considering petitions for waiver of the Rules filed by potential applicants who have graduated from foreign English speaking law schools teaching the common law.

Our rule reads in part:

1. No applicant for admission to the state bar shall be recommended for admission by the committee on character and fitness unless the committee is satisfied:

\*　　\*　　\*　　\*　　\*　　\*

D. That he is a graduate of a law school provisionally or fully approved by the American Bar Association at the time of his graduation; provided that this requirement shall not apply to an applicant who has been actively engaged in the practice of law in some other state or states for at least five years of the last seven years prior to his application for admission to practice in Arizona; \* \* \*.

Petitioner, after obtaining Bachelor of Science and Bachelor of Education Degrees from the University of Alberta, attended the University College of Wales, Aberystwyth, from which he graduated in 1977 with a Bachelor of Laws Degree. The course of instruction at the University of Wales lasted three years and the subjects taught were comparable to subjects taught in an American law school. Attached to the petition is a letter from Professor J.A. Andrews, stating:

I am able to certify that the legal education received by Mr. Schlittner was substantially equivalent to the legal education a person receives at a law school approved by the American Bar Association. I can speak with personal authority, since I have taught as Professor of Law at the University of Maryland.

■ After graduating from the University of Wales, summa cum laude, in 1977, petitioner was allowed to enter the bar admission program for the Province of Alberta, Canada, where he served, as required, a period of Articleship (apprenticeship) with a law firm for a period of one year. In this case, he performed his articleship in the Office of the City Solicitor of the City of Calgary. As a further educational requirement of the Bar Admission Program, he was required to complete an intensive eight week course of study. After this the petitioner took and passed an examination and was admitted to the Bar of Alberta, Canada. We take judicial note of the fact that Alberta, Canada is an English speaking jurisdiction with a common law tradition. Petitioner practiced law in Alberta for four and one-half years before coming to Arizona in March, 1983. He is presently employed as a hearing officer for the Department of Transportation.

In January, 1985 petitioner applied for permission to take the Arizona Bar Examination. The Arizona State Committee on Character and Fitness denied the request and petitioner sought relief in this Court.

Petitioner is deficient in two aspects: (1) he is not a graduate of an ABA approved law school as the American Bar Association does not accredit foreign law schools and (2) he has not practiced in "some other state or states" for five of the last seven years.

At first reading, it might seem that a graduate of a foreign law school is ineligible for admission to practice because he is not a graduate of the standard three year course leading to an LLB or JD Degree from an ABA approved law school. We have not, however, been that restrictive. We have in the past made allowances for those applicants who have graduated from foreign law schools and then obtained advanced degrees from American Bar Association approved law schools. For example, in *In re Alan Jackson Cox*, SB–119, the applicant possessed a Bachelor of Laws Degree from Cambridge University in England and then returned to the United States where he received a degree of Master of Comparative Law from George Washington University, the National Law Center, a law school approved by the American Bar Association. This Court, believing that this satisfied the requirement of the rule, allowed Mr. Cox to apply and take the bar exam, which he passed. He is presently admitted to the practice of law in the State of Arizona.

Following this, we had occasion to consider the applications of two petitioners who were graduates of foreign law schools and practiced in an English speaking com-

mon law jurisdiction for more than five of the last seven years. The first, *In re Sidney Neal Lachter*, SB–272, concerned an applicant from Canada who had graduated from The Manitoba Law School, which is affiliated with the University of Manitoba, Winnipeg, Manitoba, Canada. The law course is four years covering subjects common to American law schools. Mr. Lachter was admitted to the Manitoba bar in December of 1964 and the Alberta bar in 1976. He practiced law in Canada for over 14 years. His petition contained documents attesting to the quality of the legal education at the University of Manitoba and the extent of his law practice in the provinces of Manitoba and Alberta. Based upon this, we allowed Mr. Lachter to take the bar examination. He is now practicing in the State of Arizona.

We faced a similar question in *In re Monty Gula*, SB–318. In that case, the petitioner had graduated from Osgood Hall, one of the older and more prestigious law schools in Canada. The course of instruction was for three years, leading to a Bachelor of Laws Degree. After an apprenticeship of one year, he was admitted to the bar in the Province of Ontario. He had practiced for twelve years in Canada when he applied for admission to the Arizona bar. We granted Mr. Gula a waiver. He also passed the bar examination.

Although we did not give reasons for allowing Mr. Lachter and Mr. Gula to take the bar exam, our decisions were based upon two reasons: one, the petitioners were able to show that the law school from which they graduated met the standards of law schools in the United States approved by the American Bar Association and two, that they had been practicing lawyers for at least five out of the seven years preceding application in English speaking jurisdictions possessing a common law heritage. We now believe that either reason would be sufficient to allow them to apply.

■ An applicant who has graduated from a law school in the English speaking world with a common law tradition should be permitted to apply for examination and admission when the applicant shows that in addition to other requirements as set forth in the Rule, that the law school from which he graduated is the equivalent of a law school approved by the American Bar Association. Of course, it is the responsibility of the applicant to convince us that the law school from which he has graduated possesses the high standards required by the American Bar Association. In this, we realize that we are according to foreign law schools a privilege that we do not extend to graduates of American Law Schools not approved by the American Bar Association. We do not, however, find this disturbing for two reasons. First, an American non-accredited law school has the opportunity to be accredited by the American Bar Association upon application and inspection of their facilities. The American Bar Association does not accredit foreign law schools and, therefore, the foreign law school does not have this opportunity. Second, it is still the responsibility of the applicant to show by convincing evidence that the law school from which he has graduated does meet the standards of the American Bar Association. If the applicant cannot show this, he may still show that he has practiced in an English speaking jurisdiction following the common law tradition for five out of the last seven years. This requirement is the same for the foreign applicant as it is for the graduate of the non-accredited American law school.

■ We believe that in the instant case the petitioner, having shown to our satisfaction that the law school of the University of Wales is substantially equal to a law school approved by the American Bar Association, should be allowed to apply for permission to take the Arizona Bar Examination as long as he complies with all other provisions of our Rule.

■ This action on our part does not mean that the Rule itself needs to be changed. For the time being, we will moniter the admission of candidates from foreign countries and a foreign applicant will still have to apply to this Court for a waiver. In doing so, we do not indicate any

lack of confidence in our Committee on Character and Fitness. They have and do perform well a difficult and at times thankless job. They deserve the credit and respect of the Bench, Bar and the public. However, because we have the power to waive the Rule, we believe that for the time being we should reserve the right of waiver to ourselves on a case by case basis.

We note, also, that processing the applications of foreign applicants may place upon the Committee of Character and Fitness additional financial burdens, especially in checking the background of the applicant. The Committee may assess the applicant an additional but reasonable fee to defray costs resulting from the fact the applicant is from a foreign jurisdiction.

Petition for waiver granted.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.