**In re Victor YISA.**

**No. 2009–SC–000470–CF.**

Supreme Court of Kentucky.

Nov. 25, 2009.

## OPINION AND ORDER

Victor Yisa is an attorney licensed to practice law in the Federal Republic of Nigeria. The Board of Bar Examiners of the Kentucky Office of Bar Admissions (hereinafter "Board") denied Mr. Yisa's application to take the Kentucky Bar Examination, on the grounds that his Nigerian legal education was not the substantial equivalent of the education at a Kentucky law school. Mr. Yisa now requests we review and overturn the Board's determination. Having reviewed the Board's determination, we deny relief.

## BACKGROUND

From 1984 to 1988, Mr. Yisa attended the University of Jos, where he received a Bachelor of Laws (LL.B.) degree. The LL.B. degree is the most commonly awarded law degree outside the United States. In many countries, including Nigeria, the LL.B. is a bachelor's degree, awarded without prior undergraduate education.

World Education Services (WES) evaluated Mr. Yisa's educational credentials, and Mr. Yisa included WES's educational summary and course-by-course analysis with his bar application. Mr. Yisa's first year of LL.B. education focused on introductory classes, while the remaining three years were comprised entirely of law classes. Mr. Yisa's classes included, but were not limited to, Law of Contract, Criminal Law, Constitutional Law, Nigerian Land Law, Law of Torts, Criminal Civil Procedure, Equity, Trusts, Evidence, Law of Agency, Administrative Law, Jurisprudence, Family Law, and Research Methodology. WES's report stated that, while Mr. Yisa's education at the University of Jos was an undergraduate degree, "[t]he last three years of the program may also be regarded as three years of professional study in law."

After graduating with an LL.B. degree, Mr. Yisa attended the Nigerian Law School, a one-year program of professional legal study required for admission to the practice of law in Nigeria. WES's report explained that "[t]he program prepares candidates for the Nigerian bar examination and complements the academic training offered in the bachelor's degree program." Upon graduation from the Nigerian Law School, Mr. Yisa received a Certificate of Call to the Bar.

Mr. Yisa then took the bar examination in Nigeria, was admitted to the bar, and practiced law in Nigeria for approximately 15 years. During that time, he served as counsel for corporations, and also worked in private practice. In December 2006, Mr. Yisa and his family immigrated to the United States.

In August 2008, Mr. Yisa contacted the Board, seeking to take the Kentucky Bar Examination.[1] He requested an evaluation of his academic credentials to determine whether his Nigerian legal education was the "substantial equivalent" of the legal education at a Kentucky law school, as required by SCR 2.014(3). To that end, the Board retained the services of W. Jack Grosse, Dean Emeritus of Northern Kentucky University Chase College of Law. Professor Grosse opined that Mr. Yisa did not meet the "substantial equivalent" requirement. He based this opinion on the fact that (1) Mr. Yisa's total earned credit hours were "far short of the equivalent" of the combined requirements for an undergraduate and a law school education in Kentucky, (2) Mr. Yisa's LL.B. was essentially an undergraduate degree, (3) Mr. Yisa had not studied a "very large number of courses provided by Kentucky law schools," and (4) Mr. Yisa's case was distinguishable from that of a Nigerian lawyer admitted in Massachusetts.[2] Mr. Yisa had an opportunity to respond to Professor Grosse's report, and did so.

In a letter dated May 13, 2009, the Board provided Mr. Yisa with an "informal opinion" that he did not meet the necessary requirements:

The Bar Examiners have expressed the opinion that your Bachelor of Laws degree from the University of Jos and your one year of study at the Nigerian Law School are not the substantial equivalent of the legal education provided by ABA-approved law schools in Kentucky. The deficiencies in your legal education include, but are not limited to, the omission of courses in Constitutional Law, Negotiable Instruments, Wills and

---

**1.** Mr. Yisa also took and received a passing score on the Multistate Professional Responsibility Examination (MPRE).

**2.** *Osakwe v. Board of Bar Examiners,* 448 Mass. 85, 858 N.E.2d 1077 (2006). This case is discussed below.

Estate Planning, ADR, Environmental Law and Taxation.

Mr. Yisa subsequently formally applied to take the Kentucky Bar Examination, and was rejected for the reasons stated in the May 13 letter. Mr. Yisa then filed a Motion for Review of that decision with this Court.

## ANALYSIS

SCR 2.014(1) requires all applicants for admission to the Kentucky Bar to have received a J.D. or equivalent degree from a law school approved by the American Bar Association (ABA) or the Association of American Law Schools (AALS). SCR 2.014 provides for two exceptions to this general rule: one for applicants who graduated from a non-approved law school that meets certain requirements,[3] and one for foreign-educated lawyers.[4] The latter of these, SCR 2.014(3), provides as follows:

(3) An attorney who received a legal education in a foreign country and is not eligible for admission by virtue of not having attended a law school approved by the American Bar Association or the Association of American Law Schools may nevertheless be considered for admission by examination provided the attorney satisfies the following requirements:

(a) The foreign attorney's legal education is the substantial equivalent of the legal education provided by approved law schools located in Kentucky. The applicant shall bear the cost of the evaluation of their legal education, as determined by the Board, and the application shall not be processed until the applicant's legal education is approved by the Board of Bar Examiners.

(b) In evaluating the education received the Board of Bar Examiners shall consider, but not be limited to, such factors as the admission of the applicant to the bar of another state or the District of Columbia, the similarity of the curriculum taken to that offered in law schools approved by the American Bar Association or by the Association of American Law Schools, that the schools at which the applicant's legal education was received has been examined and approved by other state bar associations examining the legal qualifications of foreign law school graduates, and the applicant's proficiency in written and spoken English.

(c) The applicant shall, in order to qualify to sit for the Bar examination, also submit a certified copy of the record or license of the court or agency which admitted the applicant to practice law in such country, and satisfy the requirement that the applicant has been actively and substantially engaged in the lawful practice of law as his or her principal business or occupation for at least three of the last five years immediately preceding the filing of the application, in addition to any other requirements authorized by these rules.

With regard to Mr. Yisa, the sole issue is whether his Nigerian legal education is the substantial equivalent of that provided by approved Kentucky law schools.[5]

In denying his bar application, both Professor Grosse and the Board relied heavily on the fact that Mr. Yisa's LL.B. degree was a bachelor's degree. In particular, Professor Grosse stated that approved law

---

3. SCR 2.014(2).

4. SCR 2.014(3).

5. As a preliminary matter, we take judicial notice of the fact that the Federal Republic of Nigeria is an English-speaking nation, and that its jurisprudence, like that of Kentucky, is based on the English common law.

schools in Kentucky require an undergraduate degree for admission, which usually consists of 120 credit hours. This, combined with the approximately 90 credit hours of law school education, results in "approximately 210 hours of educational instruction." By contrast, Mr. Yisa has earned a combined total of 159 credit hours.[6] In short, Mr. Yisa has had five years of post-high school education, as compared to the seven years of Kentucky law school graduates.

There is some merit to Mr. Yisa's contention that SCR 2.014(3) requires a substantially equivalent *education,* and is not concerned with whether he satisfies the *admission requirements* for Kentucky law schools. However, we believe that the requirement of a bachelor's degree for admission to law school is a substantive part of an attorney's legal education, and not merely a technical admission requirement. Most law schools in the United States—including Kentucky's three ABA-accredited law schools—have made the determination that their students should obtain a bachelor's degree prior to enrolling. Whether an applicant has obtained a bachelor's degree prior to law school is a legitimate consideration in determining whether his or her education is the substantial equivalent of that provided by a Kentucky law school.

In support of his argument that his Nigerian legal education is substantially equivalent to a Kentucky legal education,

Mr. Yisa points to *Osakwe v. Board of Bar Examiners,* in which the Supreme Judicial Court of Massachusetts held that a Nigerian attorney's education was equivalent to that of an ABA-approved American law school.[7] In fact, *Osakwe* appears to be the only published case in the United States dealing with the admission of an attorney educated in Nigeria.

Osakwe's legal education in Nigeria was similar, if not almost identical, to Mr. Yisa's education. Osakwe graduated from the University of Nigeria with an LL.B. degree.[8] He then attended the Nigerian Law School, and passed the Nigerian bar examination.[9] Mr. Yisa relies on the Supreme Judicial Court's statements that Osakwe's "initial common-law training was similar not just in name, but also in substance, to that found in ABA-approved schools[,]"[10] and that "[s]tudents earning the LL.B. degree may have undertaken the same focused study in law as those earning the J.D. degree in the United States. Our analysis here focuses on the nature and quality of Osakwe's education, not the formal title of his degrees."[11]

In making its determination, the *Osakwe* court had access to course descriptions from the two Nigerian schools.[12] Unfortunately, this Court has not been provided with anything so detailed. But nevertheless, the analysis of Osakwe's Nigerian education led the court to conclude only that Osakwe had "sufficient general expo-

---

**6.** The report referred to Mr. Yisa's "total of only 129 hours (U.S. equivalent)." This fails to take into account Mr. Yisa's 30 credit hours earned at the Nigerian Law School.

**7.** 448 Mass. 85, 858 N.E.2d 1077 (2006). Similar to Kentucky, Massachusetts requires that applicants educated at foreign law schools have a "legal education equivalent, in the Board's opinion, to that provided in law schools approved by the American Bar Association." Mass. S.J.C. Rule 3:01, § 3.4.

**8.** *Osakwe,* 858 N.E.2d at 1078.

**9.** *Id.*

**10.** *Id.* at 1083.

**11.** *Id.* at 1078 n. 1.

**12.** *Id.* at 1083.

sure to the common-law tradition." [13] The court went on to analyze whether Osakwe had "specific knowledge of American law." [14] It is here that Mr. Yisa's education differs from that of Osakwe.

In addition to his Nigerian legal education, Osakwe had earned a master of laws (LL.M.) degree from the University of Connecticut School of Law. [15] He had been admitted to practice in New York, Connecticut, and the United States District Court for the District of Connecticut, and had practiced immigration law for several years. [16] In taking this into account, the Massachusetts Supreme Judicial Court held that "[w]hatever deficiencies there may have been in Osakwe's exposure to American law in particular were, we think, cured by his LL.M. program . . . ." [17] While the decision of another state regarding bar admissions is certainly not binding on this Court, we find Osakwe instructive and conclude that Osakwe's education was equivalent to an American legal education in a way that Mr. Yisa's education was not. We also believe other cases cited by Mr. Yisa are distinguishable. [18]

In addition, the record before us does not provide enough information about Mr. Yisa's LL.B. courses to make an informed determination about the quality and substance of his education. WES's course-by-course analysis consists only of the names of each course, the U.S. equivalent credit hours, and the U.S. equivalent grade. Mr. Yisa argued that many of his alleged coursework deficiencies did not in fact exist, because the subjects were adequately covered in courses he did take. This may or may not be the case, but the record before us simply does not provide enough information. [19]

Finally, we feel it necessary to address portions of the Board's rationale for concluding that Mr. Yisa's legal education did not meet the "substantial equivalent" requirement. In its May 13 letter, the Board cited the fact that Mr. Yisa had not taken courses in ADR (alternative dispute resolution) and environmental law, among other courses, as reasons for denying his application. Professor Grosse also cited Mr. Yisa's deficiency in these courses in his report.

These courses, when offered at all, are electives at most law schools. This strikes this Court as an overly strict application of the "substantial equivalent" standard. Obviously, foreign applicants are not necessarily required to obtain a J.D., nor are they expected to have exactly the same legal education as they would have received at an American law school. If this were the rule, it would render SCR 2.014(3) completely meaningless. Nevertheless, in this case, we do not believe Mr. Yisa has satisfied the requirements of the rule.

13. *Id.* at 1084.

14. *Osakwe,* 858 N.E.2d at 1084.

15. *Id.* at 1079.

16. *Id.* Osakwe had also earned a legal certificate in Trinidad and Tobago and had been admitted to practice in that country. *Id.*

17. *Id.* at 1083.

18. *See In re Schlittner,* 146 Ariz. 198, 704 P.2d 1343 (1985) (attorney with LL.B. from the University of Wales admitted where LL.B. was a three-year degree following a bachelor's degree, and court was satisfied that his legal education was equivalent to that of an ABA–approved law school).

19. We emphasize that Mr. Yisa is free to reapply to take the Bar Examination upon obtaining further credentials. The Board makes the initial determination about whether a foreign applicant meets the "substantial equivalent" standard. Therefore, the Board can approve a course of study that would satisfy the requirements of SCR 2.014(3).

## CONCLUSION

Based on the record before this Court, we cannot conclude that Mr. Yisa's legal education is the substantial equivalent of that provided by Kentucky's three ABA-approved law schools. Mr. Yisa's LL.B. degree, combined with one year of professional study, cannot be said to be the substantial equivalent of a bachelor's degree and three years of law school. In addition, the record before us does not provide enough information about Mr. Yisa's LL.B. courses to make an informed determination about the quality and substance of his education.

## *ORDER*

This matter is before the Court on motion of Victor Yisa to overturn the Board of Bar Examiners' denial of his application to take the Kentucky Bar Examination. The Court having reviewed the record and being otherwise fully and sufficiently advised;

The Court ORDERS that the motion is DENIED.

All sitting. All concur.

ENTERED: November 25, 2009.

/s/ John D. Minton, Jr.
Chief Justice