IN RE APPLICATION OF GAIL ELIZABETH COLLINS
FOR ADMISSION TO THE NEBRASKA STATE BAR.
561 N.W.2d 209

Filed April 4, 1997.   No. S-34-960001.

Gail Elizabeth Collins, pro se.

Harold L. Rock for Nebraska State Bar Commission.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, and GERRARD, JJ., and LIVINGSTON, D.J.

WRIGHT, J.

## FACTUAL BACKGROUND
Gail Elizabeth Collins brings this original action seeking admission to the Nebraska bar without examination. The Nebraska Supreme Court is vested with the sole power to admit

persons to the practice of law in this state and to fix qualifications for admission to the Nebraska bar. See, *In re Appeal of Dundee*, 249 Neb. 807, 545 N.W.2d 756 (1996); *In re Application of Majorek*, 244 Neb. 595, 508 N.W.2d 275 (1993); Neb. Const. art. II, § 1, and art. V, §§ 1 and 25.

Ordinarily, applicants must direct their applications for admission to the bar to the Nebraska State Bar Commission (Commission), pursuant to the Nebraska Court Rules for Admission of Attorneys. However, Collins was apparently instructed by the Commission's secretary to file her application directly with this court. Collins has not attached an affidavit verifying that her factual allegations are true, and the parties have not stipulated to any facts.

In her letter and materials submitted to the court, Collins alleges that she graduated from the University of Saskatchewan Law School with a bachelor of laws degree in 1981. She states that she was admitted to the bar in Newfoundland in 1981 following a period of professional training she refers to as an "Articles of Clerkship" and an examination by the Law Society of Newfoundland regarding local laws and procedures.

According to her curriculum vitae, Collins was admitted to the Saskatchewan bar in 1984 following an Articles of Clerkship. She then worked full time as a legal staff member for 2 years with the rules revision committee of the Court of Queen's Bench of Saskatchewan. From 1984 to 1989, she worked as a barrister and solicitor in private practice and with the Saskatchewan Legal Aid Commission. From 1989 until she moved to Nebraska, she served as a crown attorney in Newfoundland, where she prosecuted criminal cases.

Collins states that she is licensed and in good standing in the bars of both Saskatchewan and Newfoundland and that she is currently working with the Madison County Attorney's office in an unidentified capacity. She has not been admitted to the practice of law in any state in the United States, nor has she passed any formal bar examination in the United States.

## ANALYSIS

In her application, Collins seeks admission to the Nebraska bar without examination pursuant to the provisions of Neb. Ct. R. for Adm. of Attys. 5 (rev. 1996), which provides as follows:

## A. Classification of Applicants.

. . . .

(2) Class I-B applicants who may be admitted to practice in Nebraska upon approval of a proper application are those:

(a) who have been licensed in the practice of law in another state, territory, or district of the United States preceding application for admission to the bar of Nebraska and have actively and substantially engaged in the practice of law in another state, territory, or district of the United States for 5 of the preceding 7 years immediately preceding application for admission, and

(b) who at the time of their admission had attained educational qualifications at least equal to those required at the time of application for admission by examination to the bar of Nebraska.

Collins admits she has not been licensed to practice law in another state, territory, or district of the United States preceding application for admission to the Nebraska bar; nor has she actively and substantially engaged in the practice of law in another state, territory, or district of the United States for 5 of the preceding 7 years immediately preceding application for admission. Collins also admits that she received her bachelor of laws degree from the University of Saskatchewan Law School, a school which is not accredited by the American Bar Association.

Nevertheless, Collins requests admission to the Nebraska bar on the grounds that the North American Free Trade Agreement (NAFTA) requires that Collins be treated the same as a person from a state within the United States and that, accordingly, she would be eligible for admission without examination. The Commission argues that Collins does not have standing to enforce a provision of NAFTA against the Commission, because NAFTA does not provide a private remedy.

The explicit language of the North American Free Trade Agreement Implementation Act, 19 U.S.C. § 3301 et seq. (1994), states that NAFTA does not provide a private remedy and may not be invoked in order to invalidate any "action or inaction by any . . . instrumentality of . . . any State . . . ." See § 3312(c)(2).

Section 3312(c) explicitly precludes Collins' invocation of NAFTA to avoid the exercise of rule 5A(2) against her application. Section 3312(c) indicates that

[n]o person other than the United States—

(1) shall have any cause of action or defense under [NAFTA or]

. . . .

(2) may challenge, in any action brought under any provision of law, any action or inaction by any . . . instrumentality of . . . any State . . . on the ground that such action or inaction is inconsistent with the Agreement . . . .

Therefore, NAFTA is not a basis for Collins, as a private party, to argue that the restrictions of rule 5A(2) are invalid as applied against her.

In addition, Collins may not meet the educational qualifications referred to in rule 5A and defined in rule 5C. Rule 5A(2)(b) requires that at the time of the applicant's admission to another state's bar, the applicant must have "attained educational qualifications at least equal to those required at the time of application for admission by examination to the bar of Nebraska." The educational qualifications contained in rule 5C when Collins applied were stated as follows:

Educational Qualifications . . . . Every applicant must have received at the time of the examination a professional degree from a law school approved by the American Bar Association. The standards for approval which must be met are set forth in Appendix B and are incorporated here by reference. . . . An applicant without a degree from an approved law school shall be permitted to take the examination if such applicant will receive a degree from an approved law school within 60 days after the date of the examination taken.

Neb. Ct. R. for Adm. of Attys. 5C (rev. 1992). We do not decide whether Collins has attained educational qualifications at least equal to those required by rule 5.

For the reasons set forth herein, Collins' present application is denied.

APPLICATION DENIED.