IN RE APPLICATION OF GAIL COLLINS-BAZANT FOR ADMISSION TO THE NEBRASKA STATE BAR ON EXAMINATION.
578 N.W. 2d 38

Filed May 15, 1998.    No. S-34-970002.

Gail Collins-Bazant, pro se.

Michael G. Lessmann for Nebraska State Bar Commission.

WHITE, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

CONNOLLY, J.

This case requires us to decide whether we will grant a waiver to Neb. Ct. R. for Adm. of Attys. 5C (rev. 1996) to allow

a graduate of a non-American Bar Association (ABA)-approved foreign law school to take the Nebraska bar examination.

## BACKGROUND

Gail Collins-Bazant (Collins) is a Canadian attorney seeking permission to sit for the Nebraska bar examination. This is the second appearance of Collins before this court. In 1997, Collins brought an original action seeking admission to the Nebraska bar without examination on the basis of the North American Free Trade Agreement (NAFTA). We concluded that Collins' arguments for admission were without merit, but did not address whether Collins would be eligible to sit for the bar examination or whether she had attained educational qualifications equal to those required by rule 5. See *In re Application of Collins*, 252 Neb. 222, 561 N.W.2d 209 (1997). Rule 5 requires that all applicants must have received their first professional degree from a law school approved by the ABA. The ABA does not evaluate law schools outside the United States.

Following her first appearance before this court, Collins applied to the Nebraska State Bar Commission (Commission) for admission to the Nebraska bar upon examination. The Commission denied Collins' application, and Collins requested a hearing. A hearing was held before the Commission, during which Collins presented evidence regarding the quality and nature of her legal education and experience. The Commission again denied Collins' application, and Collins appeals to this court. The official letter denying Collins the opportunity to sit for the bar is not in the record. However, it is apparent from the record and from the brief of the Commission that the Commission was of the opinion that Collins could take the bar examination only if the existing rules were waived in Collins' case and that the Commission did not have the authority to grant such a waiver.

Collins is a Canadian citizen and a resident alien of the United States. Collins graduated from the Memorial University of Newfoundland with a bachelor of arts degree in 1976 and from the University of Saskatchewan Law School with a bachelor of laws degree in 1981. The bachelor of laws degree is a graduate degree earned after 3 years of legal studies. The University of Saskatchewan Law School is fully accredited for

the purposes of bar admission in all Canadian provinces and is approved by the Canadian Bar Association.

Just as in the United States, the study of law in Canada is based on the English common law, and law school applicants must take the law school admission test. Collins studied law under a 3-year program and took courses much like those a law student in the United States would take. For example, Collins' first-year law school curriculum consisted of two terms of torts, two terms of property, two terms of criminal law, two terms of contracts, one term of legal systems and process, and one term of legal writing. During her second and third years, Collins took courses in constitutional law, trusts, family law, administrative law, evidence, civil procedure, criminal procedure, commercial transactions, professional responsibility, tax law, company law, oil and gas law, international law, wills and estates, debtor-creditor law, conflicts, and remedies. Collins also took a course in comparative federalism, which included a study of American constitutional law. Peter MacKinnon, the dean of law at the University of Saskatchewan, read the ABA Law School Educational Program Standards and stated that he believes the University of Saskatchewan program currently meets the ABA standards and met those standards during the time Collins attended law school there.

In Canada, new attorneys are required to work under a senior solicitor for approximately 1 year in a "period of articles," also known as an "articles of clerkship," and to pass a set of examinations before being admitted to the bar. Following a 9-month articles of clerkship in 1981, Collins was admitted as a barrister and solicitor in the Province of Newfoundland. Collins then completed an articles of clerkship in Saskatchewan and was admitted as a barrister and solicitor in that province in 1984. From April 1982 to December 1983, Collins worked full time as a staff solicitor for the Court of Queen's Bench of Saskatchewan, on the rules revision committee, where she did legal research and writing. As part of her work, Collins studied the rules of civil procedure from other English common-law jurisdictions, including the United States.

Between 1984 and 1989, Collins was employed in private practice and with the Saskatchewan Legal Aid Commission. In

1989, Collins returned to Newfoundland, where she was employed as a crown attorney prosecuting all levels of criminal cases. Collins moved to the United States in 1995, but returned to Newfoundland for a period of time to continue her work as a crown attorney. As a result, Collins was employed as a crown attorney until 1997. Collins retains licensing privileges and is in good standing with both the Province of Newfoundland and the Province of Saskatchewan. The record reflects that no complaints or disciplinary actions have been taken against her. Collins had an article published in the Saskatchewan Law Review and a table published in the textbook "Sentencing in Newfoundland."

Since 1995, Collins has resided in Norfolk, Nebraska, with her husband. Collins is a resident alien of the United States, and her husband is a U.S. citizen. Between February and July 1996, Collins worked nearly every day on a volunteer basis in the Madison County Attorney's office in order to become more familiar with the laws of Nebraska and of the United States. While at the county attorney's office, Collins assisted with a case that resulted in her being presented with an award from the U.S. Postal Inspection Service. In addition, Collins wrote and obtained a grant in order for the county attorney's office to establish a victim witness unit. The Madison County Attorney testified that Collins did good work and that he supports her application. The record contains nine letters from Canadian judges and coworkers of Collins' recommending that she be allowed to take the Nebraska bar examination.

## ASSIGNMENTS OF ERROR

Collins contends that the Commission erred in denying her application to sit for the Nebraska bar examination, that rule 5 should either be interpreted to allow her to take the bar examination or be waived, and that rule 5 violates the 14th Amendment to the U.S. Constitution and NAFTA.

## STANDARD OF REVIEW

This court will consider the appeal of an applicant from a final adverse ruling of the Commission de novo on the record made at the hearing before the Commission. Neb. Ct. R. for Adm. of Attys. 15 (rev. 1996).

## ANALYSIS

Collins contends that the Commission either misinterpreted or should have waived rules promulgated by this court requiring an applicant for admission to the Nebraska bar to have graduated from a law school accredited by the ABA. In the alternative, Collins argues that rule 5 violates the 14th Amendment to the U.S. Constitution and NAFTA.

### INTERPRETATION OF RULES FOR ADMISSION OF ATTORNEYS

Collins urges this court to interpret rule 5 in a manner that would allow an applicant for admission to the Nebraska bar who is a graduate of a foreign law school to take the bar examination if the applicant has attained educational qualifications equivalent to those a student would obtain at an ABA-approved law school.

The Nebraska Supreme Court is vested with the sole power to admit persons to the practice of law in this state and to fix qualifications for admission to the Nebraska bar. *In re Application of Collins*, 252 Neb. 222, 561 N.W.2d 209 (1997); *In re Appeal of Dundee*, 249 Neb. 807, 545 N.W.2d 756 (1996). See Neb. Const. art. II, § 1, and art. V, §§ 1 and 25. Rule 5 allows applicants to be admitted without examination if they have been admitted to the bar of another state, territory, or district of the United States, have attained educational qualifications at least equal to those required for admission by examination to the bar of Nebraska, and have passed an examination equivalent to the Nebraska bar examination. See rule 5A(1)(a), (b), and (c). Rule 5 also allows attorneys licensed in another state, territory, or district of the United States who have been actively engaged in the practice of law for 5 of the preceding 7 years to be admitted without examination if they have attained educational qualifications at least equal to those required for admission by examination to the Nebraska bar. See rule 5A(2)(a) and (b). All other applicants must take a written examination. Rule 5A(4).

Applicants who must take a written examination are required to meet the following educational qualifications:

> All applicants must have received at the time of the examination their first professional degree from a law school approved by the American Bar Association. . . . An

applicant without a first degree from an approved law school shall be permitted to take the examination if such applicant will receive a first degree from an approved law school within 60 days after the date of the examination taken. In cases of hardship, the Supreme Court may, upon written application stating the nature and reason for the hardship to the applicant, permit the examination to be taken by an applicant before all other requirements have been fulfilled.

Rule 5C.

Rule 5C clearly states that an applicant for admission upon examination must have obtained his or her first professional degree from a law school approved by the ABA. Further, the rules for admission of attorneys do not provide for proof of education equivalent to the standard set out in rule 5C. Accordingly, rule 5 cannot be interpreted in a way that would allow Collins, a graduate of a law school not approved by the ABA, to be admitted to the bar upon examination. Rather, if this court were to allow Collins to be admitted upon examination, we would have to waive the application of the educational qualifications in rule 5C as they apply to Collins.

## WAIVER

Collins' next contention is that if rule 5 cannot be interpreted in a manner that would allow her to be admitted to the Nebraska bar upon examination, the rule should be waived in her case. Although in *In re Appeal of Dundee*, 249 Neb. 807, 545 N.W.2d 756 (1996), this court examined the application of rule 5 to graduates of U.S. law schools not approved by the ABA applying to be admitted without taking an examination, we have never specifically addressed the issue of whether a waiver of rule 5C will be allowed for a graduate of a non-ABA-approved foreign law school seeking to take the Nebraska bar examination.

This court has the power to waive the application of its own rules regarding the admission of attorneys to the Nebraska bar. As previously stated, this court is vested with the sole power to admit persons to the practice of law in this state and to fix the qualifications for admission to the Nebraska bar. *In re Application of Collins*, 252 Neb. 222, 561 N.W.2d 209 (1997);

*In re Appeal of Dundee, supra.* See Neb. Const. art. II, § 1, and art. V, §§ 1 and 25. See, also, *In the Matter of Tocci*, 413 Mass. 542, 546, 600 N.E.2d 577, 580 (1992) (stating that "[the] court has the equitable power to waive the ABA accreditation requirement"). Jurisdictions with rules similar to those promulgated by this court are split on whether it is appropriate to waive the requirement that an applicant's law degree be from an ABA-approved law school. As one court described the issue, "[t]he decision whether to consider waivers presents a classic rules versus standards debate—whether the certainty and evenhandedness of a clear, bright-line rule justifies the possibility that the rule may work imperfectly in some cases." *Teare v. Committee on Admissions*, 566 A.2d 23, 30 (D.C. App. 1989).

Jurisdictions that do not allow waivers of their admission rules for attorneys from foreign countries do so based on varying policy considerations. One concern is that the granting of waivers will require the courts to engage in expensive and time-consuming investigations of foreign law schools in order to determine whether the education the applicant received at the foreign school is equivalent to the education he or she would have received at an ABA-approved school. See, *Teare v. Committee on Admissions, supra; Matter of Adams*, 102 N.M. 731, 700 P.2d 194 (1985); *Florida Bd. of Bar Examiners In re Hale*, 433 So. 2d 969 (Fla. 1983). A second concern regarding waivers is that the ad hoc approach taken in granting waivers can lead to the appearance of discrimination. See *Florida Bd. of Bar Examiners In re Hale, supra*. See, also, *Teare v. Committee on Admissions*, 566 A.2d at 31 (stating that "any case by case consideration of waivers invites the risk of disparate treatment of similar cases, and thus carries its own potential unfairness").

While this court has never specifically addressed whether a waiver might be appropriate in certain circumstances, we have indicated that rule 5 should not be applied on a case-by-case basis. In *In re Appeal of Dundee, supra*, we determined that an individual who received his juris doctor degree from a U.S. law school that was not approved by the ABA and a master of laws (LL.M.) degree from an ABA-approved law school was not eligible to be admitted to the Nebraska bar. In reaching this conclusion, we stated that the required coursework for an LL.M. did

not include coursework in civil procedure, contracts, constitutional law, criminal law, evidence, family law, torts, professional responsibility, property, and trusts and estates. We then stated that although Dundee had practiced in another state for several years and had earned a host of degrees and certificates in other fields, this did not matter, because if rule 5 was not applied uniformly rather than on a case-by-case basis, it would cease to operate as a rule at all. Finally, we stated that LL.M. programs are not subject to any qualitative standards. Thus, we determined that if we were to recognize an LL.M. degree as a sufficient legal education for purposes of rule 5, we would be compelled to undertake our own qualitative review of each LL.M. program.

Of jurisdictions that allow for waivers of their rules of admission, most do so according to the view that in some instances a strict application of the rules would cause injustice. See, *Petition of Dolan*, 445 N.W.2d 553 (Minn. 1989); *Application of Faylona*, 381 So. 2d 1203 (La. 1980). This view is based on the premise that rules of admission were not meant to prevent qualified applicants from taking the bar. Rather, the rules are intended to weed out unqualified applicants. See, *Petition of Dolan, supra*; *Application of Faylona, supra*. Thus, it has been said that while the use of ABA approval as a criterion allows courts to evaluate an applicant's legal education effectively and expeditiously without imposing a burden on the court's resources, a court must also ensure that applicants are treated fairly, because any qualification for admission to the bar " 'must have a rational connection with the applicant's fitness or capacity to practice law.' " *Bennett v. State Bar*, 103 Nev. 519, 522, 746 P.2d 143, 145 (1987). See, also, *Schware v. Board of Bar Examiners*, 353 U.S. 232, 77 S. Ct. 752, 1 L. Ed. 2d 796 (1957) (stating language quoted in *Bennett v. State Bar, supra*). It has been further said that exceptions should be recognized and waivers granted " 'whenever it can be demonstrated that the rules operate in such a manner as to deny admission to a petitioner arbitrarily and for a reason unrelated to the essential purpose of the rule.' " *Bennett*, 103 Nev. at 522, 746 P.2d at 145.

Jurisdictions have further drawn a distinction between graduates of U.S. law schools that have not been approved by the ABA and graduates of law schools in foreign countries, because

the ABA does not accredit foreign law schools. See, *In Matter of Corliss*, 424 Mass. 1005, 675 N.E.2d 398 (1997); *In the Matter of Tocci*, 413 Mass. 542, 600 N.E.2d 577 (1992); *Application of Schlittner*, 146 Ariz. 198, 704 P.2d 1343 (1985). Thus, it has been determined that in cases involving foreign-educated attorneys, a rigid application of rules requiring graduation from an ABA-approved law school would defeat the rule's purpose of allowing qualified applicants to sit for the examination. See *Application of Faylona, supra.* See, also, *In Matter of Bar Admission of Altshuler*, 171 Wis. 2d 1, 490 N.W.2d 1 (1992) (Abrahamson, J., dissenting) (refusal to grant waiver amounted to categorical refusal to evaluate any applicants trained outside United States). It has also been stated that a rigid application of the rule is not suited to the global economy in which we live. *In Matter of Bar Admission of Altshuler, supra* (Abrahamson, J., dissenting). Thus, some courts will waive rules for applicants from foreign countries but not for those who attended unaccredited law schools in the United States. See *Application of Schlittner, supra.*

Most jurisdictions that allow waivers place the burden on the applicant to prove that a waiver is appropriate in his or her particular case. See, *Bennett v. State Bar, supra*; *Application of Schlittner, supra.* Thus, it becomes the responsibility of the applicant to show that the education received at any particular school was functionally equivalent to the education provided at ABA-approved schools. *Bennett v. State Bar, supra.* By placing the burden on the applicant, the concern that the granting of waivers will require courts to undergo an expensive and burdensome investigation of foreign schools is avoided.

We are persuaded that a strict application of rule 5 may be unfair in some circumstances involving attorneys educated at foreign law schools. Unlike in *In re Appeal of Dundee*, 249 Neb. 807, 545 N.W.2d 756 (1996), foreign law schools do not have the opportunity to seek ABA accreditation. Thus, while a strict application of rule 5 is appropriate for those who have graduated from unaccredited U.S. law schools, such a strict application is not always appropriate for those who attended law school outside the United States. Accordingly, this court will consider waiving rule 5 for graduates of foreign law schools in

limited circumstances to allow such graduates to take the bar examination.

To summarize, following the denial of an application and a hearing before the Commission, we will consider a waiver of rule 5C to allow a graduate of a foreign law school based on the English common law to take the Nebraska bar examination upon proof that the education he or she received was equivalent to that for a juris doctorate available at an ABA-approved law school. In addition, when a foreign-educated attorney seeks a waiver in order to sit for the Nebraska bar examination, the burden at all times will be on the applicant to affirmatively show that the education he or she received was equivalent to that of an ABA-approved law school, and the applicant will be responsible for the costs of providing such information.

## WAIVER TO TAKE BAR EXAM
### AS IT APPLIES TO COLLINS

Having determined that a waiver may be appropriate in some instances, we now turn to the instant case. The record presented by Collins provides the necessary basis for the grant of a waiver so that she may sit for the bar examination. Collins was educated at an English-speaking school whose teaching was based on the English common law, took courses similar to those taught in U.S. law schools, and has 15 years of professional experience. Collins took a course in every subject this court listed in *In re Appeal of Dundee*, 249 Neb. 807, 811, 545 N.W.2d 756, 759 (1996), as the " 'core of courses we deem as minimally necessary to be a properly-trained attorney.' " Further, Collins has taken affirmative steps to educate herself regarding the law of the United States and of Nebraska and has presented this court with a thorough record demonstrating her abilities as an attorney. Most importantly, there is affirmative evidence in the record that Collins received a legal education functionally equivalent to that available at an ABA-approved law school.

Collins has met her burden of proving that she received an education equivalent to the education available at an ABA-approved school. When this is combined with Collins' extensive work experience and her efforts to become acquainted with U.S. and Nebraska law, a waiver is appropriate. Accordingly, we

waive rule 5C as it applies to Collins and allow her to sit for the bar examination upon completion of the regular application process. Having determined that a waiver is appropriate, we need not address Collins' remaining assignments of error.

APPLICATION GRANTED.

CAPORALE, J., not participating.