IN RE APPEAL OF ASHER L. STOLLER
FOR ADMISSION TO THE NEBRASKA STATE BAR.
ASHER L. STOLLER, APPELLANT, V. NEBRASKA STATE BAR
COMMISSION AND NEBRASKA STATE BAR ASSOCIATION, APPELLEES.

622 N.W. 2d 878

Filed February 2, 2001.   No. S-34-990002.

Asher L. Stoller, pro se.

James J. DeMars, of DeMars, Gordon, Olson & Shively, for appellee Nebraska State Bar Commission.

Robert T. Grimit, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellee Nebraska State Bar Association.

WRIGHT, CONNOLLY, GERRARD, and MCCORMACK, JJ., and CHEUVRONT, D.J.

PER CURIAM.

## NATURE OF CASE

Asher L. Stoller, the appellant, sought reimbursement from the Nebraska State Bar Commission (Bar Commission) and the Nebraska State Bar Association (Bar Association) for costs and damages allegedly incurred as a result of Stoller's application

for admission to the Bar Association. For the reasons stated herein, we conclude that Stoller's appeal has not been timely perfected and must therefore be dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

Stoller was diagnosed with dyslexia during his sophomore year in college. Following this diagnosis, Stoller began to receive accommodations for his disability, including double time to complete examinations. Stoller also completed graduate studies with double time for examinations. Stoller was given time and one-half to complete the LSAT (Law School Admission Test) and GMAT (Graduate Management Admission Test).

Stoller later applied for law school and business school. Stoller was given double time on examinations in business school and, after some legal action, Stoller began receiving double time for examinations during his second semester of law school. Stoller also received double time on the MPRE (Multistate Professional Responsibility Examination). Stoller then applied for admission to the Bar Association.

In a letter dated January 22, 1999, the Bar Commission advised Stoller that it was in possession of his request for accommodations on the bar examination. Although the record does not reflect it, Stoller's initial request was presumably filed with his application to take the bar examination, as required by Neb. Ct. R. for Adm. of Attys., appendix C(III)A2 (rev. 2000). The letter further advised Stoller that he needed to complete the forms attached to the letter and return them to the Bar Commission by April 1. On a form dated January 23, 1999, Stoller requested that he be given double time on the bar examination and a "separate testing room," and that he be "allowed to bring water into the testing area and consequently, periodic bathroom breaks."

In a letter dated April 28, 1999, the Bar Commission informed Stoller that he would be provided with a separate room and time and one-half to take the bar examination. The letter further stated that allowing water into the testing area was standard for all applicants and that Stoller could use the bathroom when he wished, but that additional time would not be provided for that purpose. The same conditions were set forth in a letter dated May 3, 1999, from the Bar Commission to Stoller's attorney.

In a letter dated June 17, 1999, the Bar Commission informed Stoller that he had double time to take the bar examination. Testimony from the hearing before the special master indicates that prior to this letter, Stoller had again sought double time to take the bar examination, and in connection with this request, the Bar Commission required Stoller to be tested, at Stoller's expense, by an expert chosen by the Bar Commission. Stoller was examined by the Bar Commission's chosen expert on May 21.

The June 17, 1999, letter also informed Stoller of the time and place of the examination, and informed him that the provision of double time would be revoked if Stoller did not sign and return an attached affidavit. On July 6, Stoller signed the affidavit, in which Stoller agreed not to communicate with anyone regarding the examination during the 3 days over which Stoller was to be tested and not to possess review materials during the examination.

The June 17, 1999, letter informed Stoller that he would be taking the bar examination in Lincoln, Nebraska. The main examination, however, was given in Omaha, Nebraska. The Bar Commission director of admissions explained that Stoller was examined in Lincoln instead of Omaha because Stoller's request for double time resulted in Stoller's needing 3 days to complete the examination, instead of the usual 1½ days. The director of admissions testified that Stoller was examined in Lincoln so that the Bar Commission would not be required to hire additional proctors to monitor Stoller's examination.

In a letter dated October 13, 1999, the chair of the Bar Commission denied Stoller reimbursement for expenses that Stoller presumably claimed had been incurred in connection with taking the bar examination. The letter stated that it was in response to a letter from Stoller, dated October 1, 1999, to the former chair of the Bar Commission, and a letter from Stoller, dated September 24, 1999, to the president of the Bar Association. The Bar Association also sent a letter to Stoller, dated September 30, 1999, in which it referred Stoller to the Bar Commission with respect to his request for reimbursement. On November 9, Stoller filed a "Notice of Appeal" in this court with respect to the denial of his requests for reimbursement.

In two letters dated January 5, 2000, Stoller again sought reimbursement from the Bar Commission and Bar Association,

this time for attorney fees. In a letter dated January 10, 2000, the Bar Association again referred Stoller's request to the Bar Commission. The record does not reflect the Bar Commission's response to Stoller's letter. Ultimately, this court appointed a special master to preside over a hearing into Stoller's claims. The special master's findings were filed on March 30, 2000, in which the special master recommended that the relief requested by Stoller be denied. Stoller filed his objections to those findings on April 7.

## ARGUMENTS ON APPEAL

Stoller claims that the Bar Commission discriminated against him on the basis of his disability in its disparate treatment of him during his application process and bar examination. Specifically, Stoller claims that he was discriminated against in that he was required to take the bar examination in Lincoln while the other applicants took the examination in Omaha and in that other applicants were allegedly not required to sign an affidavit such as the one Stoller signed on July 6, 1999. Stoller also claims that it was unreasonable for the Bar Commission to require him to be examined by its expert in order to determine that Stoller should receive double time.

Stoller claims that this treatment was in violation of his rights pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (1994 & Supp. IV 1998); the Rehabilitation Act, 29 U.S.C. § 794 et seq. (1994 & Supp. III 1997); and the Due Process and Equal Protection Clauses of the U.S. Constitution. Stoller claims that he is entitled to reimbursement for the costs of testing by the Bar Commission's expert, hotel costs and other expenses incurred while taking the bar examination in Lincoln, and attorney fees. Stoller also seeks punitive damages and a declaration that his rights were violated.

## STANDARD OF REVIEW

The question of jurisdiction is a question of law. *Scottsdale Ins. Co. v. City of Lincoln*, 260 Neb. 372, 617 N.W.2d 806 (2000). On questions of law, an appellate court has an obligation to reach its own independent conclusions. *Anderson/Couvillon v. Nebraska Dept. of Soc. Servs.*, 248 Neb. 651, 538 N.W.2d 732 (1995).

## ANALYSIS

The instant case concerns the request of an applicant for accommodations for a disability. Neb. Ct. R. for Adm. of Attys. 5D (rev. 2000) provides, with reference to applicants with a disability, that "[t]he bar commission will follow special rules set forth in the Policy on Applicants with a Disability, Appendix C."

> It is the policy of the Nebraska State Bar Commission to administer the bar examination in a manner that does not discriminate, on the basis of disability, against a qualified applicant with a disability. An applicant who is otherwise eligible to take the Nebraska bar examination may file a request for special testing accommodations.

Neb. Ct. R. for Adm. of Attys., appendix C(I).

A request for special testing accommodations for an examination must be filed with the application to take the bar examination and by the deadline for filing that application. Neb. Ct. R. for Adm. of Attys., appendix C(III)A2. The Bar Commission will review all requests for special testing accommodations that are properly filed in accordance with this policy. Neb. Ct. R. for Adm. of Attys., appendix C(IV)A1.

> 2. In reviewing a request, the commission will follow these procedures.
>
> (a) The commission will make a determination, and the secretary of the commission will send notification of the determination to the applicant, no fewer than 25 days before the examination.
>
> (b) The commission's denial of a request will be in writing and sent to the applicant by certified mail to the address provided by the applicant on the request. The commission's denial will include a statement of the commission's reasons for denial. The commission will also provide the applicant with a copy of the written report of any expert it consulted in reviewing the request.
>
> (c) The applicant may appeal the denial of a request to the Supreme Court in accordance with rules 10 and 15.

Neb. Ct. R. for Adm. of Attys., appendix C(IV)A.

Thus, the rules that set forth the means by which an applicant may seek and obtain an accommodation incorporate by reference

the mechanisms for appeal set forth in Neb. Ct. R. for Adm. of Attys. 10 and 15 (rev. 2000). Rule 10 provides, in relevant part:

Any applicant who has failed to pass the bar examination or to be admitted on motion, who has been denied admission on the basis of fitness or character, or who has been refused permission to take the examination, may, within 30 days after the mailing of the notice of failure, refusal of permission, denial of admission on motion, or denial of admission on the basis of fitness or character, request a hearing before the bar commission. . . . The commission will then review and consider the reasons presented. Upon reaching a determination, the commission will advise the applicant of its decision in writing. In the event that the applicant is dissatisfied with the decision of the commission, the applicant may, within 30 days from the date of the letter from the commission, appeal the decision to the Supreme Court. The appeal must be taken and perfected in accordance with rule 15.

Rule 15 then provides, in relevant part:

Any applicant entitled to appeal from a final adverse determination of the bar commission in accordance with rule 10 must file an original and 7 copies of a notice of appeal with the Clerk of the Supreme Court within 30 days following the date notice of the decision was mailed to the applicant at the address given to the commission by the applicant at the time of the hearing before the commission.

With the foregoing rules in mind, we first turn to the Bar Commission's argument that this court lacks jurisdiction over Stoller's appeal. Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Scottsdale Ins. Co. v. City of Lincoln*, 260 Neb. 372, 617 N.W.2d 806 (2000); *Billingsley v. BFM Liquor Mgmt.*, 259 Neb. 992, 613 N.W.2d 478 (2000).

### DENIAL OF ACCOMMODATIONS

The Bar Commission argues that Stoller has no standing to appeal because his request for accommodations was granted, not denied. For purposes of this appeal, however, we assume, with-

out deciding, that a request for accommodations can be effectively denied within the meaning of appendix C(IV)A2(c) if an applicant's request is substantially granted by the Bar Commission but the Bar Commission places additional conditions on the accommodations that the applicant claims are unacceptable.

### APPEAL DESPITE NOT FAILING EXAMINATION

The Bar Commission next argues that Stoller cannot appeal because he did not fail the bar examination and, thus, failed to satisfy the "conditions precedent to review expressed in Rule 10." Brief for appellee Bar Commission at 11. This argument is without merit. Rule 10 does not establish "conditions precedent" for appealing an adverse determination of the Bar Commission, but instead sets forth the types of adverse determinations that may be appealed pursuant to the rule. In other words, under rule 10, an applicant may appeal from a failure on the examination, a denial of permission to take the examination, denial of admission on motion, or denial of admission on the basis of fitness or character. These are not "conditions precedent," but are simply the categories of adverse determination that may be appealed.

Appendix C(IV)A2(c) then states that an applicant "may appeal the denial of a request to the Supreme Court in accordance with rules 10 and 15." Appendix C, when read in conjunction with rule 10, sets forth another category of adverse determination, in addition to the categories listed in rule 10, that may be appealed using the procedures established by rules 10 and 15. We hold that an applicant to the bar who is denied an accommodation for a disability, or who claims that an accommodation offered by the Bar Commission is unsatisfactory, may appeal that determination pursuant to rule 10 despite not failing or being denied permission to take the bar examination.

### TIMELINESS OF APPEAL

The Bar Commission further argues that Stoller's appeal is untimely. Stoller's appeal claims that he should be reimbursed for the cost of the expert evaluation required by the Bar Commission, for the expenses Stoller incurred while taking the

bar examination in Lincoln instead of Omaha, and for the attorney fees associated with obtaining accommodations. Stoller further seeks damages for the Bar Commission's treatment of him, particularly with reference to the requirement that Stoller sign an affidavit prior to taking the examination.

The record reflects, however, that Stoller was examined by the Bar Commission's chosen expert on May 21, 1999, and Stoller had obviously been informed of the Bar Commission's requirement of the expert examination prior to that date. The record further reflects that Stoller was informed that his examination would be in Lincoln, and of the affidavit requirement, no later than the June 17 letter from the Bar Commission to Stoller. The conditions attached by the Bar Commission to the granting of Stoller's accommodations were thus made known to Stoller on a date no later than June 17. In any event, a denial of accommodations, or offer of unsatisfactory accommodations, could under no circumstances have been issued by the Bar Commission later than the date of the bar examination itself, which Stoller took on July 27 through 29.

Consequently, the time for Stoller to appeal such an adverse determination, if one was in fact made, would have run no later than 30 days after July 29, 1999. Since that date fell on a weekend in 1999, the time for Stoller to appeal could have under no circumstances elapsed later than August 30. The purported "notice of appeal" filed in this court, however, was filed on November 9, and the record does not reflect that Stoller sought reimbursement in any way prior to his September 24 letter to the president of the Bar Association. Stoller's appeal was clearly filed out of time.

Stoller has attempted to raise his statutory and constitutional claims in this court by way of the Bar Commission's refusal to reimburse Stoller for the costs Stoller allegedly incurred in complying with the Bar Commission's conditions relating to Stoller's accommodations. Stoller's appellate argument makes plain, however, that his complaint is that the conditions were themselves discriminatory. The proper time to make that complaint was when the decisions to require those conditions were made, and not in a collateral attack after the time for appealing the decisions has expired. Based on this analysis, we conclude that Stoller's

appeal was not timely filed and that we consequently lack jurisdiction to consider the merits, if any, of his appeal.

## FAILURE TO REQUEST HEARING AND FAILURE TO PLEAD DAMAGES

The Bar Commission argues that Stoller did not comply with the requirements of rule 10 because he did not request or appear at a hearing before the Bar Commission prior to appealing to this court. The Bar Commission also argues that this court cannot award money damages in an appeal from the Bar Commission and that Stoller has not pled or proved a case for damages.

Given our determination that Stoller's appeal was in any event untimely, we need not and do not consider the Bar Commission's arguments in this regard. An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the case and controversy before it. *King v. Crowell Memorial Home, post* p. 177, 622 N.W.2d 588 (2001); *White v. Board of Regents*, 260 Neb. 26, 614 N.W.2d 330 (2000).

## APPEAL UNDER RULE 12

Stoller attempts to bypass the requirements of rules 10 and 15 by claiming that this court has jurisdiction to review the Bar Commission's decisions under Neb. Ct. R. for Adm. of Attys. 12 (rev. 2000). Rule 12 provides that "[t]he bar commission is authorized to make, subject to the approval of the Supreme Court, such further rules and regulations as it deems necessary or expedient to carry out the intent and purpose of these rules." Stoller claims that the Bar Commission has engaged in rulemaking pursuant to rule 12 and that this court has the power under rule 12 to review the Bar Commission's conduct.

Rule 12 is a grant of authority to the Bar Commission to make rules in order to carry out the intention of this court's rules regarding the admission of attorneys. The language in rule 12 that the Bar Commission's rulemaking authority is "subject to the approval of the Supreme Court" is simply a recognition that this court has supervisory authority over the Bar Commission's rules. In order for this court to act pursuant to rule 12, the Bar Commission must first have made a rule. In this case, however, the Bar Commission has not made rules, but

simply applied existing published rules to the facts of the case. Thus, the Bar Commission's actions in this case have not involved rulemaking.

Furthermore, rule 12 does not provide a cause of action for an individual aggrieved by the adoption of a rule. Rule 12 merely grants authority to the Bar Commission and addresses the relationship between this court and the Bar Commission in order to make clear that this court retains its constitutional power to make rules regarding the admission of attorneys. See *In re Application of Collins-Bazant*, 254 Neb. 614, 578 N.W.2d 38 (1998). See, also, Neb. Const. art. II, § 1, and art. V, §§ 1 and 25. Rule 12 does not provide an alternative procedure for appealing Bar Commission decisions to this court. Stoller's claim is without merit.

### BAR ASSOCIATION

Stoller has also consistently attempted to include and maintain the Bar Association as a party to this proceeding, on the theory that the Bar Association and Bar Commission share common members and that the Bar Association thus influences the actions of the Bar Commission.

Stoller's argument is without merit, as Stoller's complaints relate entirely to the process of admission to the bar. The power to admit persons to the practice of law in Nebraska is vested exclusively in this court. See, *In re Application of Converse*, 258 Neb. 159, 602 N.W.2d 500 (1999); *In re Application of Collins-Bazant, supra*. This court has, in turn, delegated administrative responsibility for bar admissions solely to the Bar Commission. See Neb. Ct. R. for Adm. of Attys. 9 (rev. 2000).

Consequently, the Bar Association is not responsible for the admission of attorneys to the bar and is not a proper party to this proceeding. In any event, our conclusion that Stoller's appeal is untimely disposes of Stoller's claims against both the Bar Commission and Bar Association.

### CONCLUSION

The actions of the Bar Commission from which Stoller seeks to appeal occurred and were known to Stoller more than 30 days

prior to Stoller's first attempts to seek reimbursement or otherwise appeal. Consequently, Stoller's appeal is untimely, and this court has no jurisdiction to address his statutory and constitutional claims. We therefore dismiss Stoller's appeal.

APPEAL DISMISSED.

HENDRY, C.J., and STEPHAN and MILLER-LERMAN, JJ., not participating.