In re Application of Richard Gluckselig
for Admission to the Nebraska
State Bar on Examination.
697 N.W.2d 686

Filed June 17, 2005. No. S-34-050001.

Richard Gluckselig, pro se.

Jon Bruning, Attorney General, Jennifer Tomka, and Heidi Karr Sleper, Senior Certified Law Student, for Nebraska State Bar Commission.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

## INTRODUCTION

Richard Gluckselig filed an application with the Nebraska State Bar Commission (Commission) seeking admission to the bar on examination. The Commission denied Gluckselig's application. Thereafter, at Gluckselig's request, a hearing was held before the Commission on December 14, 2004. At that hearing, Gluckselig introduced evidence regarding his educational qualifications. On December 16, the Commission again denied Gluckselig's request "on the basis that [Gluckselig] lack[ed] a first professional degree from a law school approved by the American Bar Association." See Neb. Ct. R. for Adm. of Attys. 5C (rev. 2005). Gluckselig appeals. See Neb. Ct. R. for Adm. of Attys. 10 and 15 (rev. 2000).

## FACTUAL BACKGROUND

Gluckselig is a citizen of the Czech Republic, and at the time of the hearing, he was present in the United States on a student visa. Gluckselig testified that he was engaged to be married to a Lincoln, Nebraska, resident and that they intended to settle in Nebraska.

Gluckselig graduated from Masaryk University Law College (Masaryk) in the Czech Republic with a master's degree in law and legal science in 2003. This was a 5-year program. Gluckselig graduated in the top 2 percent of his class.

During the 2000-2001 academic year, while still enrolled at Masaryk, Gluckselig studied at the University of Nebraska College of Law (Nebraska) as a "Paul J. Robitchek Scholar." While at Nebraska, Gluckselig took a total of 19 credit hours, earning a grade point average (GPA) of 7.842 on a 9.0 scale. Gluckselig's transcript shows that he took courses in contracts, constitutional law, unfair competition, law of patient and provider, commercial law: sales, and international business transactions. Gluckselig achieved the highest class grade in his commercial law course.

In addition, the record reveals that during the summer following his semester at Nebraska, Gluckselig worked as a research assistant for a professor at that same institution. In a letter supporting Gluckselig's application, that professor wrote that he had found "[Gluckselig] to be one of the most capable and qualified law students I have ever had the privilege to teach" and that he "would have great confidence as a client in having [Gluckselig] as my lawyer."

In April 2003, following his graduation from Masaryk, Gluckselig was admitted and enrolled in a master of laws (LL.M.) program at the University of Michigan Law School (Michigan). Gluckselig graduated with his LL.M. in May 2004. The record indicates Gluckselig took the following classes while at Michigan: civil procedure, enterprise organization, jurisdiction and choice of law, constitutional interpretation, mergers and acquisitions, securities regulation, international arbitration, and anatomy of a deal. Gluckselig received the highest class grade in his course on jurisdiction and choice of law, and graduated with a GPA of 3.732 on a 4.0 scale. It was noted by

one visiting professor who taught Gluckselig at Michigan that "[Gluckselig's] course selection was unique for an LLM, as he focused primarily on core classes rather than electives." That same professor observed that "[i]n his written work on his final exams, [Gluckselig] displayed strong analytical and writing skills. Although he has not completed a JD [juris doctor degree] from an American law school, his work as an LLM student at Michigan was better than virtually any JD student I have encountered in my career." Another professor at Michigan stated that he was "confident that [Gluckselig's] legal training [had] given him a legal education superior to that of the great majority of law students who graduate from [American Bar Association]-accredited law schools." A third Michigan professor noted that "[i]f I needed a lawyer—in Nebraska or elsewhere—I would hire Gluckselig with confidence."

In addition to his academic credentials, Gluckselig also performed duties as a law clerk from May to September 2002 with a Lincoln law firm. During the course of this employment, Gluckselig conducted legal research, wrote memoranda, and drafted pleadings. In support of Gluckselig's application, an attorney at that firm wrote that "[Gluckselig] functioned just as any other law clerk for our firm functions. No different standard was applied nor different work assigned because of his foreign legal education. . . . Gluckselig's work for our firm can only be described as outstanding." He further wrote that the firm has "observed no weakness of any nature in his knowledge of the fundamentals of U.S. law."

In August 2004, following the receipt of his LL.M., Gluckselig accepted employment as a law clerk with another Lincoln law firm, Scudder Law Firm, P.C., L.L.O. (Scudder), focusing primarily on corporate and business issues. At the time of the hearing before the Commission, Gluckselig was still employed with Scudder and had been offered a position with the firm. An attorney at Scudder, in support of Gluckselig's application, observed that Gluckselig had "demonstrated superior analytical and writing skills, excellent judgment, a strong work ethic, and an advanced understanding of the law for his level of experience" and that "[b]ased on [the experience of Scudder's principals, Gluckselig] performs in the upper tier of new attorneys we have seen."

In July 2004, Gluckselig sat for and passed the New York bar examination. As part of that examination, he took the Multistate Bar Examination (MBE). The record indicates that Gluckselig's scaled MBE score was a 168.1. In a nationwide comparison, Gluckselig scored higher than 90 percent of the 66,690 applicants who took the MBE in 2003.

Gluckselig also took and passed the Multistate Professional Responsibility Examination (MPRE) with a score of 133, which placed Gluckselig in the 90th percentile nationally. This court's required minimum score for the MPRE is 85. Neb. Ct. R. for Adm. of Attys. 16 (rev. 2004).

## ASSIGNMENT OF ERROR

Gluckselig requests, restated, that this court determine his education to be the equivalent of a juris doctor degree available at an American Bar Association (ABA) approved school, and waive rule 5C, allowing him to sit for the Nebraska bar examination.

## STANDARD OF REVIEW

■ The Nebraska Supreme Court will consider the appeal of an applicant from a final adverse ruling of the Commission de novo on the record made at the hearing before the Commission. *In re Application of Collins-Bazant*, 254 Neb. 614, 578 N.W.2d 38 (1998); rule 15.

## ANALYSIS

■ The Nebraska Supreme Court is vested with the sole power to admit persons to the practice of law in this state and to fix qualifications for admission to the Nebraska bar. *In re Application of Collins-Bazant, supra.* See Neb. Const. art. II, § 1, and art. V, §§ 1 and 25.

Rule 5 allows applicants to be admitted without examination if they (1) have been admitted to and are active and in good standing in the bar of another state, territory, or district of the United States; (2) have attained educational qualifications at least equal to those required for admission by examination to the Nebraska bar; and (3) have passed an examination equivalent to the Nebraska bar examination. See rule 5A(1)(a), (b), and (c). Rule 5 also allows licensed attorneys who are active and in good standing in another state, territory, or district of the United States, and

who have been actively engaged in the practice of law for 5 of the preceding 7 years, to be admitted without examination if they have attained educational qualifications at least equal to those required for admission by examination to the Nebraska bar. See rule 5A(2)(a) and (b). All other applicants, which on the record currently before us includes Gluckselig, must take a written examination. See rule 5A(4).

Prior to sitting for the Nebraska bar examination, applicants required to take the examination must meet the following educational qualifications:

> All applicants must have received at the time of the examination *their first professional degree from a law school approved by the American Bar Association.* An applicant without a first degree from an approved law school shall be permitted to take the examination if such applicant will receive a first degree from an approved law school within 60 days after the date of the examination taken. In cases of hardship, the Supreme Court may, upon written application stating the nature and reason for the hardship to the applicant, permit the examination to be taken by an applicant before all other requirements have been fulfilled.

(Emphasis supplied.) Rule 5C.

 We pause for a moment to review the procedural aspects of this appeal. As conceded by the Commission during oral argument, the Commission does not have the authority to waive rule 5C. See, generally, *In re Application of Collins-Bazant*, 254 Neb. 614, 578 N.W.2d 38 (1998); Neb. Ct. R. for Adm. of Attys. 9 (rev. 2000). The Commission's function in the circumstance presented by this appeal, following denial, is to simply provide the applicant with the opportunity for a hearing before the Commission which this court can review de novo on the record. See, *In re Application of Collins-Bazant, supra*; rules 10 and 15. We view the actions taken by the Commission with respect to Gluckselig's appeal as being consistent with that authority. In future cases, however, we request that the denial of the Commission made after the applicant's hearing include the Commission's recommendation as to whether this court should waive rule 5C, and the basis of such recommendation. This court will thereafter consider both the Commission's recommendation and the record

made before the Commission de novo. We now consider whether to waive rule 5C.

This court's rules for admission clearly state that in order to be eligible to sit for the bar examination, an applicant must have obtained his or her first professional degree from an ABA-approved law school. However, we have waived the requirement in rule 5C for a foreign-educated applicant who shows that his or her education is equivalent to the education available at an ABA-approved law school. See *In re Application of Collins-Bazant, supra.*

In *In re Application of Collins-Bazant,* we were asked to waive the requirements of rule 5C in the case of Gail Collins-Bazant, a Canadian law school graduate who had practiced law in Canada for a number of years. In *In re Application of Collins-Bazant,* we recognized that although we had previously noted that rule 5 should generally be applied uniformly, "a strict application of rule 5 may be unfair in some circumstances involving attorneys educated at foreign law schools." 254 Neb. at 622, 578 N.W.2d at 44. We reasoned that admission rules were intended to "weed" out unqualified applicants, not to prevent qualified applicants from taking the bar. While recognizing that ABA accreditation serves as a useful criterion for evaluating graduates of U.S. law schools, we concluded that the same criterion can work an arbitrary hardship for some foreign-educated graduates and defeat the rule's purpose of allowing qualified applicants to sit for the examination. We then concluded:

> [W]e will consider a waiver of rule 5C to allow a graduate of a foreign law school based on the English common law to take the Nebraska bar examination upon proof that the education he or she received was equivalent to that for a juris doctorate available at an ABA-approved law school. In addition, when a foreign-educated attorney seeks a waiver in order to sit for the Nebraska bar examination, the burden at all times will be on the applicant to affirmatively show that the education he or she received was equivalent to that of an ABA-approved law school, and the applicant will be responsible for the costs of providing such information.

*In re Application of Collins-Bazant,* 254 Neb. 614, 623, 578 N.W.2d 38, 44 (1998).

This court then waived the applicability of rule 5C as applied to Collins-Bazant and granted her application. We concluded that Collins-Bazant had met her burden of proving that she had received an education functionally equivalent to the education available at an ABA-approved law school. In so concluding, we noted that Collins-Bazant had been educated at an English-speaking school whose teaching was based on the English common law, had taken courses similar to those taught in U.S. law schools, had 15 years of professional experience, and had taken affirmative steps to educate herself regarding the Nebraska and U.S. laws.

■ The Commission distinguishes *In re Application of Collins-Bazant, supra*, by noting that Collins-Bazant's foreign education was based on English common law, while Gluckselig's was based on Roman civil law. However, we believe this distinction is not dispositive. If it were, it would greatly diminish the principle set forth in *In re Application of Collins-Bazant*. That principle, simply stated, is that this court will not apply a strict application of rule 5C if in doing so, it would " ' "operate in such a manner as to deny admission to a [qualified graduate of a foreign law school] arbitrarily and for a reason unrelated to the essential purpose of the rule." ' " *In re Application of Collins-Bazant*, 254 Neb. at 621, 578 N.W.2d at 43. However, in order for this court to consider a waiver of rule 5C, the burden is on the applicant to affirmatively show that his or her education, considered as a whole, was equivalent to the education that would have been received from an ABA-approved law school. We therefore turn to an examination of that record.

Our de novo review of the record before us indicates that Gluckselig has an extensive legal education which includes significant exposure to U.S. law. While enrolled at Masaryk, Gluckselig took several international law classes focusing in part on U.S. law, and he also completed a 112-page thesis, in English, which involved a comprehensive comparison of the European Union and U.S. laws on the topic of choice-of-law and forum clauses in Internet-based transactions. Further, Gluckselig spent a year of study at Nebraska and Michigan, both ABA-approved law schools, earning a total of 44 credit hours. A review of Gluckselig's transcripts from Nebraska and Michigan shows that

he successfully completed courses in, among others, civil procedure, jurisdiction, choice of law, constitutional law, contracts, torts, commercial law, and international business. Gluckselig's GPA for these courses was exemplary.

In noting that Gluckselig's education at Masaryk was not based on the English common law, the Commission directs us to both *In re Application of Collins-Bazant*, 254 Neb. 614, 578 N.W.2d 38 (1998), and *In re Appeal of Dundee*, 249 Neb. 807, 545 N.W.2d 756 (1996). In *In re Appeal of Dundee*, this court was presented with an applicant who contended that his LL.M. in taxation was a first professional degree for the purposes of our admission rules. We disagreed, noting that the applicant's specific LL.M. program was specialized and did not include examples of specific core coursework that one might expect to be " 'necessary to be a properly-trained attorney.' " *Id.* at 811, 545 N.W.2d at 759. In *In re Application of Collins-Bazant*, this court distinguished *In re Appeal of Dundee* by noting, inter alia, that Collins-Bazant had taken a course in each subject noted in *In re Appeal of Dundee*.

The Commission points out that although Gluckselig has completed a number of the courses enunciated in *In re Appeal of Dundee, supra*, at Nebraska and Michigan, he has not completed all of them. In this assertion, the Commission is correct. However, our distinction of *In re Appeal of Dundee* in *In re Application of Collins-Bazant, supra*, should not be read as a "bright line" determination of what courses one must have taken as a prerequisite to a waiver of rule 5C. In *In re Appeal of Dundee*, we were presented with an LL.M. program specializing in taxation. As noted previously, Gluckselig's LL.M. program was "unique [in that it] focused primarily on core classes rather than electives."

In our de novo review, we determine that notwithstanding the fact that Gluckselig has not taken each of the courses listed in *In re Appeal of Dundee, supra*, his education as a whole is equivalent to that of an ABA-approved school. Such conclusion is supported by an academic background which includes the equivalent of 2 years of study at ABA-approved law schools, studies at Masaryk that focused on U.S. law, and Gluckselig's sitting for and passing the New York bar examination. We note that the New York bar examination included the MBE, which is a component

of the testing this court uses in assessing the proficiency of those who wish to be admitted to the Nebraska bar. Neb. Ct. R. for Adm. of Attys. 1 (rev. 2000). Further, Gluckselig has also passed the MPRE, another testing component used by this court in assessing the qualifications of applicants seeking admission to the practice of law in Nebraska. *Id.*

Upon our de novo review, we determine that Gluckselig has met his burden of affirmatively showing that he received an education functionally equivalent to the education available at an ABA-approved law school. As such, a waiver of rule 5C is appropriate. Accordingly, we will waive rule 5C as it applies to Gluckselig and allow him to sit for the Nebraska bar examination.

APPLICATION GRANTED.