IN RE APPLICATION OF BRIAN BUDMAN FOR
ADMISSION TO THE NEBRASKA STATE BAR.

724 N.W.2d 819

Filed December 22, 2006.    No. S-34-060001.

Brian Budman, pro se.

Jon Bruning, Attorney General, Jennifer M. Tomka, and Tom Stine for Nebraska State Bar Commission.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## I. INTRODUCTION

This case involves an application filed by Brian Budman with the Nebraska State Bar Commission (Commission) for admission without examination as a Class I-A applicant and requires us

to decide whether we will grant a waiver of the educational requirement contained in Neb. Ct. R. for Adm. of Attys. 5A(1)(b) (rev. 2005) and admit a graduate of a foreign law school that is not approved by the American Bar Association (ABA).

Upon our de novo review and applying our jurisprudence relative to rule 5A(1)(b), we determine that Budman has met his burden of affirmatively showing that he "had attained educational qualifications at least equal to those required at the time of application for admission by examination to the bar of Nebraska," rule 5A(1)(b), and as a result, a waiver of the educational requirement under rule 5A(1)(b) is appropriate. Accordingly, we grant Budman's application for admission to the Nebraska State Bar Association.

## II. FACTS

Budman is a citizen of Canada and has been granted permanent resident status to work in the United States. He currently resides in Colorado. He received a bachelor of arts degree from Concordia University in Montreal, Quebec, Canada, in 1990 and a bachelor of laws, or LL.B., degree from Queen's University in Kingston, Ontario, Canada, in 1995. Queen's University is ineligible for ABA approval because it is a Canadian law school.

Queen's University is an English-speaking, common-law, Canadian law school. Budman earned his LL.B. after successfully completing 3 years of legal studies at Queen's University. Budman's training included course study in public law, contracts, property, torts, civil procedure, constitutional law, criminal procedure, business associations, family law, remedies, evidence, labor law, land transactions, immigration law, taxation, and individual employment relations.

Budman was admitted to practice law in Ontario on April 24, 1998, and he is presently a member in good standing of the Law Society of Upper Canada. No ethical complaints have been filed against him in Canada.

Budman passed the Colorado bar examination and was admitted to practice law in Colorado on October 23, 1997. In 1998, he worked for two different Denver, Colorado, law firms, practicing in the areas of estate planning and taxation. In 1999, Budman formed his own law firm, and he is

currently practicing with this firm. Budman is a member in good standing of the Colorado bar, and no ethical complaints have been filed against him in Colorado.

While Budman was practicing law in Colorado, he took classes at the University of Denver. On November 22, 2000, he was awarded a master of laws, or LL.M., degree in taxation. His training at the University of Denver included coursework in property transactions, individual tax problems, estate planning, partnership taxation, strategic tax planning, tax research, tax accounting, civil and criminal tax law, and three corporate tax law courses.

On June 10, 2005, Budman submitted a Class I-A application to the Commission seeking admission to the Nebraska bar without examination. See rule 5A(1). In a letter dated September 20, 2005, the Commission denied Budman's application because he did not meet the educational qualifications under rule 5A(1)(b). Budman appealed the Commission's denial, and a hearing was held on January 6, 2006. Budman presented evidence at the hearing. On February 23, the Commission again denied Budman's application because he did "not meet the educational qualifications required" under rule 5A(1)(b). The Commission also stated that if Budman appealed, the Commission "will recommend that the Supreme Court waive the educational qualifications requirement of Rule 5C." By its terms, rule 5C does not relate to applicants seeking admission without examination but instead pertains to the educational requirements for applicants seeking to be admitted by examination. In essence, rule 5C requires that applicants seeking admission by examination shall have received a first professional degree from a law school approved by the ABA. Budman appealed to this court, seeking a waiver of the educational requirement. In its brief on appeal, the Commission supports Budman's request for a waiver.

### III. ASSIGNMENT OF ERROR

Budman's brief does not contain an assignment of error. See Neb. Ct. R. of Prac. 9D(1)e (rev. 2006). In the concluding paragraph of his brief, he asserts that his legal education and exposure to U.S. law, taken together, justify a "waiver of the educational qualification requirement of Rule 5C." Brief for applicant

at 9. The Commission's brief states that "the Commission recommends that this Court waive the requirements of Rule 5C as to Budman." Brief for the Commission at 9. Unlike these assertions, given the undisputed nature of Budman's application as one under rule 5A seeking admission without examination, and given the Commission's denial of Budman's application because he did not meet the relevant educational qualifications, we will consider Budman's appeal as one seeking a waiver of rule 5A(1)(b).

## IV. STANDARD OF REVIEW

■ The Nebraska Supreme Court will consider the appeal of an applicant from a final adverse ruling of the Commission de novo on the record made at the hearing before the Commission. *In re Application of Brown*, 270 Neb. 891, 708 N.W.2d 251 (2006); Neb. Ct. R. for Adm. of Attys. 15 (rev. 2000).

## V. ANALYSIS

### 1. APPLICABLE LAW

■ The Nebraska Supreme Court is vested with the sole power to admit persons to the practice of law in this state and to fix qualifications for admission to the Nebraska bar. *In re Application of Brown, supra.* See Neb. Const. art. II, § 1, and art. V, §§ 1 and 25. Budman seeks admission to the Nebraska bar without examination as a Class I-A applicant pursuant to rule 5A(1), which provides as follows:

> (1) Class I-A applicants who may be admitted to practice in Nebraska upon approval of a proper application are those:
> (a) who, as determined by the bar commission, have been admitted to, and are active and in good standing in, the bar of another state, territory, or district of the United States, and
> (b) who at the time of their admission had attained educational qualifications at least equal to those required at the time of application for admission by examination to the bar of Nebraska, and
> (c) who have passed an examination equivalent to the examination administered in the State of Nebraska, and, beginning in 1991, who have passed the Multistate Professional Responsibility Examination with the score required by Nebraska.

Regarding rule 5A(1)(c), we note that the score on the Multistate Professional Responsibility Examination (MPRE) required in Nebraska is 85 or higher. Neb. Ct. R. for Adm. of Attys. 16 (rev. 2004).

The precise educational requirement of rule 5A(1)(b) is not set forth therein. Instead, the rule references and incorporates the "educational qualifications at least equal to those required at the time of application for admission by examination to the bar of Nebraska." The educational qualifications for admission by examination are found at rule 5C. Rule 5C requires that applicants "must have received at the time of the examination their first professional degree from a law school approved by the [ABA]." See, also, *In re Appeal of Dundee*, 249 Neb. 807, 545 N.W.2d 756 (1996).

■ We recently examined the educational qualifications of rule 5A(1)(b) that are implicated in this case in *In re Application of Brown, supra*. In *In re Application of Brown*, we held that "the educational qualifications required of a Class I-A applicant are the same as the requirement found in rule 5C (i.e., a first professional degree from an ABA-approved law school)." 270 Neb. at 898, 708 N.W.2d at 258. Thus, as to the educational requirement, applicants such as Budman seeking admission without examination as a Class I-A applicant must meet the ABA-approved law school requirement specified in rule 5C that we have read into rule 5A(1)(b) or, in the absence of such degree, seek a waiver of rule 5A(1)(b). The waiver of rule 5A(1)(b) will be based on considerations enunciated in our jurisprudence relative to educational qualifications waivers that we have granted under various rules. See *In re Application of Brown*, 270 Neb. 891, 708 N.W.2d 251 (2006).

## 2. BUDMAN DOES NOT MEET EDUCATIONAL QUALIFICATIONS FOR CLASS I-A APPLICANTS

The Commission denied Budman's application because he did not meet the educational qualifications in that he lacked a first professional degree from an ABA-approved law school. Budman's LL.B. was earned from Queen's University in Canada, which is not an ABA-approved law school. We therefore conclude that Budman's LL.B. does not satisfy the educational

requirement of rule 5A(1)(b), and we turn to the issue of whether a waiver of rule 5A(1)(b) is appropriate.

### 3. WAIVER OF THE EDUCATIONAL QUALIFICATION OF RULE 5A(1)(b) IS APPROPRIATE

We have previously recognized that following the denial of an application and a hearing before the Commission, this court will consider a waiver of rule 5A(1)(b) to allow a graduate of a foreign law school based on English common law to become licensed to practice law in Nebraska if the applicant has demonstrated that the education he or she received was functionally equivalent to that for a juris doctor degree available at an ABA-approved law school. See *In re Application of Brown, supra.* See, also, *In re Application of Collins-Bazant,* 254 Neb. 614, 578 N.W.2d 38 (1998) (discussing waiver of educational requirement under rule 5C). We have also stated that when a foreign-educated attorney seeks a waiver, the burden at all times will be on the applicant to affirmatively show that the education he or she received was functionally equivalent to that of an ABA-approved law school. See *id.*

### (a) Commission's Role in Waiver Cases

As we have previously noted, and as the Commission acknowledged during oral argument, the Commission does not have the authority to waive rule 5A(1)(b). See *In re Application of Brown, supra.* See, also, *In re Application of Gluckselig,* 269 Neb. 995, 697 N.W.2d 686 (2005) (stating that Commission does not have authority to waive rule 5C educational requirement). The Commission's function following an initial denial is to provide the applicant with the opportunity for a hearing before the Commission, which this court can review de novo on the record. *Id.*; Neb. Ct. R. for Adm. of Attys. 10 (rev. 2000). In *In re Application of Gluckselig,* a case involving a Class II applicant seeking a waiver of the educational requirement under rule 5C, we requested that the Commission include in its denial after hearing a recommendation as to whether this court should waive rule 5C and the basis for such recommendation. The same procedure is appropriate for waivers sought under rule 5A(1)(b), and we note that consistent with our direction in *In re Application of*

*Gluckselig*, the Commission has recommended that we waive the educational requirement in the instant case on the basis that Budman's education was functionally equivalent to that of an ABA-approved school.

### (b) Waiver in Present Case

In Budman's brief, he requests that this. court waive the educational requirement in his case, a request which the Commission endorses. When considering whether waiver of the educational requirement is appropriate, we are guided by certain principles. We have observed that the "admission rules [are] intended to 'weed' out unqualified applicants, not to prevent qualified applicants from taking the bar." *In re Application of Gluckselig*, 269 Neb. at 1001, 697 N.W.2d at 691. Also, while the use of ABA approval as a criterion allows courts to evaluate an applicant's legal education effectively and expeditiously without imposing a burden on the court's resources, a court must also ensure that applicants are treated fairly, because any qualification for admission to the bar " ' "must have a rational connection with the applicant's fitness or capacity to practice law." ' " *In re Application of Collins-Bazant*, 254 Neb. at 621, 578 N.W.2d at 43 (quoting *Bennett v. State Bar*, 103 Nev. 519, 746 P.2d 143 (1987)). Although the present case involves a Class I-A application as distinguished from a Class II application, in considering a foreign-educated attorney's Class II application, this court has stated that it will not require a strict application of rule 5C if, in doing so, it would operate in such a manner as to deny admission to a qualified graduate of a foreign law school arbitrarily and for a reason unrelated to the essential purpose of the rule. See, *In re Application of Gluckselig, supra*; *In re Application of Collins-Bazant*, 254 Neb. 614, 578 N.W.2d 38 (1998).

We recently applied the principles that were developed in cases where applicants sought admission by taking the examination to a case involving a foreign-educated attorney seeking admission without examination. See *In re Application of Brown*, 270 Neb. 891, 708 N.W.2d 251 (2006). In *In re Application of Brown*, we considered the request for an educational qualification waiver of an individual who had earned his law degree from a Canadian law school. In deciding whether to waive rule 5A(1)(b), we examined

the two elements of educational background and exposure to U.S. law. We now consider these same two elements in determining whether Budman has met his burden of affirmatively showing that his education, considered as a whole, was functionally equivalent to that of an ABA-approved law school. See *In re Application of Brown, supra.*

·   With respect to educational background, our de novo review of the record before us indicates that Budman obtained a well-rounded legal education from Queen's University, where he earned an LL.B. based on common-law principles. This court has found significant whether a bar applicant has received his or her education based on the English common law. See *In re Application of Collins-Bazant, supra* (waiving rule 5C for applicant who graduated from foreign law school based on English common law). Moreover, we have recognized that by requiring a juris doctor degree of bar applicants, we ensure that Nebraska lawyers have received a well-rounded education because they have taken basic, core legal courses deemed " 'minimally necessary to be a properly-trained attorney.' " See *In re Appeal of Dundee*, 249 Neb. 807, 811, 545 N.W.2d 756, 759 (1996). In *In re Appeal of Dundee*, we listed the following examples of such core legal courses: civil procedure, contracts, constitutional law, criminal law, evidence, family law, torts, professional responsibility, property, and trusts and estates. In considering a foreign-educated attorney's request for a waiver of the educational requirement under rule 5A(1)(b), we recently relied upon this same list of core legal courses. See *In re Application of Brown, supra.*

The record shows that in obtaining his LL.B., Budman successfully completed courses in all but two of these subjects: trusts and estates and professional responsibility. As for these two subjects, the record reflects that in obtaining his LL.M., Budman completed coursework in trusts and estates, and he has practiced in that area. As discussed *infra*, Budman passed the MPRE in Colorado.

With respect to exposure to U.S. law, the record reflects that Budman has educated himself on and has demonstrated his exposure to U.S. law. He passed the Colorado bar examination and was admitted to the Colorado bar in 1997. He has practiced

law in Colorado for approximately 8 years, specializing in estate planning and taxation.

The record further reflects that Budman is in good standing with the Law Society of Upper Canada and the Colorado bar.

In our de novo review, we determine that Budman's education as a whole is functionally equivalent to an education received at an ABA-approved law school. See *In re Application of Brown, supra.* When Budman's education is combined with his work experience, efforts to become acquainted with U.S. law, passing of the Colorado bar examination, and admission to the Colorado bar, a waiver of the educational requirement under rule 5A(1)(b) is appropriate.

#### 4. RECORD REGARDING BUDMAN'S MPRE SCORE

Budman filed a Class I-A application for admission to Nebraska's bar, and as noted above, one of the requirements under a Class I-A application is a score of at least 85 on the MPRE. See rules 5A(1)(c) and 16. Evidently, the record before the Commission at the hearing of January 6, 2006, did not contain evidence of Budman's MPRE score in Colorado. The bill of exceptions shows that the record made at the hearing before the Commission on Budman's application was left open, so that Budman's MPRE score could be added thereto. The record transmitted to this court, however, was devoid of any indication of Budman's MPRE score. In this regard, we note that the record does contain a copy of the Commission's "Individual Personal History Information Report," which appears to be an inventory which the Commission compiles summarizing the results of its review of a bar applicant's materials. However, this report does not appear to contain a separate entry on which to record the MPRE results when the MPRE has been taken in another jurisdiction. Therefore, the record presented to this court failed to show the satisfaction of the MPRE requirement of rule 5A(1)(c) and, to the contrary, tended to show that Budman's MPRE results had not been provided at the time the hearing before the Commission concluded.

During oral argument before this court, the parties were granted leave to supplement the record with Budman's MPRE score, and following oral argument, the Commission submitted

an affidavit containing Budman's MPRE test results, demonstrating that Budman had satisfied Nebraska's MPRE requirement. See rule 5A(1)(c). The court has reviewed the record, as supplemented, in the instant case and determined that Budman has satisfied Nebraska's MPRE requirement.

## VI. CONCLUSION

Based on a de novo review of the record as supplemented, we conclude that Budman has met his burden of proving his law school education was functionally equivalent to the education received at an ABA-approved law school and that as a result, a waiver of the educational qualifications requirement of rule 5A(1)(b) is appropriate. Accordingly, we waive this requirement as it applies to Budman and will allow him to be admitted to the Nebraska State Bar Association.

APPLICATION GRANTED.