## In re Application of Mark R. O'Siochain for Admission to the Nebraska State Bar.

___ N.W.2d ___

Filed February 14, 2014.    No. S-13-539.

1. **Rules of the Supreme Court: Attorneys at Law: Appeal and Error.** The Nebraska Supreme Court will consider the appeal of an applicant from a final adverse ruling of the Nebraska State Bar Commission de novo on the record made at the hearing before the commission.

2. **Rules of the Supreme Court: Attorneys at Law.** The Nebraska Supreme Court is vested with the sole power to admit persons to the practice of law in this state and to fix qualifications for admission to the Nebraska bar.

3. **Rules of the Supreme Court: Attorneys at Law: Waiver: Proof: Appeal and Error.** After the denial of an application and a hearing before the Nebraska State Bar Commission, the Nebraska Supreme Court will consider a waiver of Neb. Ct. R. § 3-105(A)(1)(b) to allow a graduate of a foreign law school based on English common law to become licensed to practice law in Nebraska if the applicant has demonstrated that the education he or she received was functionally equivalent to that for a juris doctor degree available at a law school approved by the American Bar Association.

4. **Rules of the Supreme Court: Attorneys at Law: Waiver: Proof.** When a foreign-educated attorney seeks a waiver of Neb. Ct. R. § 3-105(A)(1)(b), the burden is on the applicant to affirmatively show that the education he or she received was functionally equivalent to that of a law school approved by the American Bar Association.

5. **Rules of the Supreme Court: Attorneys at Law: Waiver: Evidence.** In determining whether an applicant's education is functionally equivalent to that received at a law school approved by the American Bar Association, the core courses set forth in *In re Application of Brown,* 270 Neb. 891, 708 N.W.2d 251 (2006), are evidence of equivalency but not bright-line requirements.

6. **Rules of the Supreme Court: Attorneys at Law.** Admission rules are intended to weed out unqualified applicants, not to prevent qualified applicants from taking the bar.

7. **____: ____.** The Nebraska Supreme Court will not apply a strict application of Neb. Ct. R. § 3-105(C) if, in doing so, § 3-105(C) would operate in such a manner as to deny admission to a qualified graduate of a foreign law school arbitrarily and for a reason unrelated to the essential purpose of the rule.

Original action. Application granted.

Robert C. Guinan for applicant.

Jon Bruning, Attorney General, and Stephanie Caldwell for Nebraska State Bar Commission.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Per Curiam.

## NATURE OF CASE

Mark R. O'Siochain filed an application with the Nebraska State Bar Commission (Commission) for admission without examination as a Class I-A applicant. We must decide whether we will grant a waiver of the educational requirement contained in Neb. Ct. R. § 3-105(A)(1)(b) and admit a graduate of a foreign law school that is not approved by the American Bar Association (ABA). Since O'Siochain filed his application, § 3-105(A)(1)(b) has been significantly revised, along with the other rules for admission of attorneys in Nebraska. See Neb. Ct. R. § 3-101 et seq. (rev. 2013). We apply the rules in effect at the time of his application.

Upon our de novo review and applying our jurisprudence regarding § 3-105(A)(1)(b), we conclude that even though O'Siochain has not taken certain core courses, he has met his burden of affirmatively showing that he "had attained educational qualifications at least equal to those required at the time of application for admission by examination to the bar of Nebraska." Accordingly, we waive the educational requirement under § 3-105(A)(1)(b) and grant O'Siochain's application for admission to the Nebraska bar.

## FACTS

O'Siochain graduated from University College Dublin (UCD) in Ireland in 2004 with a bachelor of business and legal studies degree. He enrolled at UCD after graduating from high school, as is customary in Ireland, and completed a 4-year law and business program. UCD is an English-speaking, common-law school. It is not accredited by the ABA. O'Siochain did not take (and was not required to take) courses in trusts and estates, family law, or civil procedure.

UCD operates an international exchange program with 13 other law schools, including 5 ABA-approved U.S. law schools: DePaul University College of Law; University of California, Davis, School of Law; University of Connecticut

School of Law; University of Miami School of Law; and University of Minnesota Law School. Students at these ABA-approved law schools can enroll at UCD for a semester or other period of study. If they complete their courses with the necessary passing grade, the ABA permits the award of credits to their ABA-approved juris doctor degree for the legal courses taken at UCD.

Upon graduating from UCD in 2004, O'Siochain took a "Barbri" course in Ireland to prepare for the New York bar examination in February 2005. Barbri is a franchise that offers bar examination preparation courses and includes video lectures and course materials corresponding with the relevant state bar examination. O'Siochain took Barbri courses in New York practice, professional responsibility, trusts and estates, federal jurisdiction and procedure, and domestic relations, among others.

The New York State Board of Law Examiners allowed O'Siochain to sit for the New York bar examination because his legal education satisfied the durational and substantive equivalency requirements contained in the Rules of the Court of Appeals of the State of New York. O'Siochain passed the New York bar examination and the Multistate Professional Responsibility Examination (MPRE), on which he scored 104. The minimum score required in Nebraska is 85. See Neb. Ct. R. § 3-116(A). He was admitted to the New York bar in March 2006 and has been a member in good standing since that time.

From November 2006 to May 2009, O'Siochain practiced in New York with a large firm. There, he worked on transactional matters including corporate securities and mergers. At the time of the Commission hearing, O'Siochain was employed as a corporate attorney with a law firm in Omaha, Nebraska, handling corporate transactions, compliance, and mergers. He worked under the supervision of partners in the law firm and had held the position since July 2011.

On July 26, 2012, O'Siochain applied for admission to the Nebraska bar as a Class I-A applicant pursuant to § 3-105(A)(1), requesting admission without examination. Section 3-105(A)(1)(b) references and incorporates the

educational qualifications "required at the time of application for admission by examination to the bar of Nebraska." The educational qualifications for admission by examination are found at § 3-105(C). On October 16, the Commission voted to deny O'Siochain's application for admission, because O'Siochain could not meet the educational requirements of § 3-105(C), in that he did not have a first professional degree from an ABA-approved law school.

Pursuant to Neb. Ct. R. § 3-110, O'Siochain requested a hearing before the Commission to demonstrate functional equivalence between his education and experience and the education obtained at an ABA-approved law school. At the hearing on January 11, 2013, O'Siochain presented the following evidence: (1) that UCD is an English-speaking, common-law school; (2) that it operates an exchange program with ABA-approved law schools; (3) that he took a Barbri preparation course and passed the New York bar examination and MPRE; (4) that he was admitted to the New York bar and continues to maintain active status and good standing; and (5) that he has professional experience in the practice of U.S. law.

At the close of the hearing, the Commission asked O'Siochain to supplement the record with UCD's accreditation status, official descriptions of the courses he had taken there, letters of recommendation from his professors, and affidavits from law school officials describing the education offered at UCD. The Commission requested this information pursuant to the language in *In re Application of Brown*, 270 Neb. 891, 708 N.W.2d 251 (2006). O'Siochain provided the first two items of information, but he did not provide letters of recommendation from his professors or affidavits from law school officials.

In addition, O'Siochain provided evidence of New York's bar admission requirements, which the New York State Board of Law Examiners determined O'Siochain had satisfied. Those rules require a foreign-educated applicant to show (1) that he or she fulfilled the educational requirements for admission to the practice of law in such foreign country; (2) that throughout the period of the applicant's study at the foreign law school, that school was approved by the government or an authorized

accrediting body; (3) that the course of study successfully completed by the applicant was substantially equivalent in duration to the legal education provided by an ABA-approved school; (4) that the foreign country's jurisprudence is based on the principles of English common law; and (5) that the course of study successfully completed by the applicant was the substantial equivalent of the legal education provided by an ABA-approved law school.

On May 24, 2013, the Commission again denied O'Siochain's application for admission to the Nebraska bar as a Class I-A applicant under § 3-105(A)(1)(b), because he did not meet the required educational qualifications. Specifically, he had not taken certain core courses deemed minimally necessary to be a properly trained attorney, including trusts and estates, family law, and civil procedure, as set forth in *In re Application of Budman*, 272 Neb. 829, 724 N.W.2d 819 (2006); *In re Application of Brown, supra*; and *In re Appeal of Dundee*, 249 Neb. 807, 545 N.W.2d 756 (1996). Accordingly, the Commission declined to recommend that this court waive the educational qualifications requirement of § 3-105(C).

On June 6, 2013, O'Siochain filed a "Motion for Reconsideration," and the Commission heard additional evidence. O'Siochain argued that the core courses listed in *In re Application of Budman, supra*, and *In re Appeal of Dundee, supra*, were not required to meet the functional equivalency test, but were only examples. He offered evidence that trusts and estates and family law are not required for graduation from the University of Nebraska College of Law but that the University of Nebraska College of Law did require civil procedure. O'Siochain offered copies of the Barbri course materials he used relating to trusts and estates, family law, and civil procedure.

On June 19, 2013, the Commission overruled O'Siochain's "Motion for Reconsideration." O'Siochain appeals.

## ASSIGNMENT OF ERROR

O'Siochain assigns, summarized and restated, that the Commission erred in failing to recommend a waiver of § 3-105(C) to this court on the basis that his legal education

did not include courses in trusts and estates, family law, and civil procedure.

## STANDARD OF REVIEW

[1] The Nebraska Supreme Court will consider the appeal of an applicant from a final adverse ruling of the Commission de novo on the record made at the hearing before the Commission. *In re Application of Brown*, 270 Neb. 891, 708 N.W.2d 251 (2006).

## ANALYSIS

[2] The Nebraska Supreme Court is vested with the sole power to admit persons to the practice of law in this state and to fix qualifications for admission to the Nebraska bar. *Id*. See, also, Neb. Const. art. II, § 1, and art. V, §§ 1 and 25. O'Siochain applied for admission to the Nebraska bar without examination as a Class I-A applicant pursuant to § 3-105(A), which provided as follows:

> (1) Class I-A applicants who may be admitted to practice in Nebraska upon approval of a proper application are those:
>
> (a) who, as determined by the [C]ommission, have been admitted to, and are active and in good standing in, the bar of another state, territory, or district of the United States, and
>
> (b) who at the time of their admission had attained educational qualifications at least equal to those required at the time of application for admission by examination to the bar of Nebraska, and
>
> (c) who have passed an examination equivalent to the examination administered in the State of Nebraska, and, beginning in 1991, who have passed the [MPRE] with the score required by Nebraska.

The parties do not dispute that O'Siochain has been admitted to and is active and in good standing in the bar of New York, satisfying § 3-105(A)(1)(a).

Section 3-105(A)(1)(c) requires an applicant to pass the MPRE, and Nebraska requires a score of 85 or higher on the MPRE. See § 3-116(A). O'Siochain took the MPRE in

applying for the New York bar and attained a score of 104, exceeding Nebraska's requirements.

Section 3-105(A)(1)(b) does not explicitly state the education requirement. Instead, § 3-105(A)(1)(b) references and incorporates the educational qualifications "required at the time of application for admission by examination to the bar of Nebraska," which are found at § 3-105(C). Section 3-105(C) requires that applicants "must have received at the time of the examination their first professional degree from a law school approved by the [ABA]."

Applicants like O'Siochain, "seeking admission without examination as a Class I-A applicant[,] must meet the ABA-approved law school requirement specified in [§ 3-105(C)] that we have read into [§ 3-105(A)(1)(b)] or, in the absence of such degree, seek a waiver of [§ 3-105(A)(1)(b)]." *In re Application of Budman*, 272 Neb. 829, 834, 724 N.W.2d 819, 824 (2006). In determining whether to grant a waiver, we examine our jurisprudence relative to educational qualification waivers that we have granted previously. See, e.g., *In re Application of Budman*, *supra*; *In re Application of Brown*, 270 Neb. 891, 708 N.W.2d 251 (2006).

O'Siochain earned his law degree from UCD in Ireland, a school that is not ABA-approved. Therefore, O'Siochain's degree does not satisfy the educational requirement of § 3-105(A)(1)(b), and we must determine whether to waive this requirement. On appeal, O'Siochain argues that when considered as a whole, his education and experience merit waiver of the educational requirements in § 3-105.

[3,4] After the denial of an application and a hearing before the Commission, this court will consider a waiver of § 3-105(A)(1)(b) to allow a graduate of a foreign law school based on English common law to become licensed to practice law in Nebraska if the applicant has demonstrated that the education he or she received was functionally equivalent to that for a juris doctor degree available at an ABA-approved law school. See *In re Application of Brown, supra*. When a foreign-educated attorney seeks a waiver, the burden is on the applicant to affirmatively show that the education he or she received

was functionally equivalent to that of an ABA-approved law school. See *id*.

The Commission specifically found, inter alia, that the education O'Siochain received was functionally equivalent to the education provided at an ABA-approved law school. But the Commission found that O'Siochain had not completed core courses in trusts and estates, family law, and civil procedure, which the Commission deemed minimally necessary to be a properly trained attorney under *In re Application of Budman, supra*; *In re Application of Brown, supra*; and *In re Appeal of Dundee*, 249 Neb. 807, 545 N.W.2d 756 (1996). Therefore, it did not make a recommendation to this court on whether O'Siochain had "affirmatively shown that his education, considered as a whole, is functionally equivalent to the education provided at schools approved by the [ABA]."

The Commission now claims that O'Siochain failed to adduce sufficient evidence of equivalence between his legal education and that provided at an ABA-approved law school, because he did not provide letters of recommendation from UCD professors and affidavits from law school officials describing the education offered at UCD. However, even without such documents, the Commission concluded that O'Siochain's legal education was functionally equivalent to that received at an ABA-approved law school, and our jurisprudence does not require these documents. See *In re Application of Brown, supra*.

The Commission acknowledges that the list of courses in *In re Appeal of Dundee, supra*, is not a checklist that an applicant must satisfy to sustain his or her burden. However, it interprets our jurisprudence to require that applicants missing one or more core courses must have professional experience in areas corresponding to classes he or she lacks. It contends that O'Siochain failed to meet these criteria.

[5] In *In re Application of Brown*, 270 Neb. 891, 900-01, 708 N.W.2d 251, 259 (2006), we elucidated the criteria for receiving a waiver:

> When requesting a waiver, the applicant must "show that the education received at any particular school was functionally equivalent to the education provided at

ABA-approved schools." . . . Our waiver cases indicate that foreign-educated applicants provided extensive information regarding their academic background, including, among other aspects, the accreditation status of their law school, transcripts, official course descriptions, letters of recommendation from professors, and affidavits from law school officials describing the education offered at their schools.

. . . .

Although we have refused to make a bright-line determination regarding the legal courses required as prerequisites to a waiver, . . . we have recognized certain legal courses as examples of basic, core courses deemed "'minimally necessary to be a properly-trained attorney'" . . . . These courses include civil procedure, contracts, constitutional law, criminal law, evidence, family law, torts, professional responsibility, property, and trusts and estates. The Commission should not construe this listing of courses as a "checklist," but it should consider whether an applicant's education includes exposure to a range of foundational substantive areas of law.

(Citations omitted.) Thus, in determining whether an applicant's education is functionally equivalent to that received at an ABA-approved law school, the core courses are evidence of equivalency but not bright-line requirements.

In *In re Application of Brown, supra*, the applicant graduated from a Canadian law school which was not approved by the ABA, but we determined that the applicant's education as a whole was functionally equivalent to an education received at an ABA-approved law school and granted a waiver. In that case, the applicant had successfully completed courses in all but two of the subjects enumerated in *In re Appeal of Dundee*, 249 Neb. 807, 545 N.W.2d 756 (1996): professional responsibility and trusts and estates. However, one phase of the applicant's bar admissions process in Canada included instruction and an examination on professional responsibility and practice management, and the applicant had taken and passed the MPRE. The applicant had also spent time in an estate-planning practice group.

In *In re Application of Budman*, 272 Neb. 829, 724 N.W.2d 819 (2006), the Canadian-educated applicant had successfully completed courses in all but two of the core courses: trusts and estates and professional responsibility. However, in obtaining his LL.M., the applicant completed coursework in trusts and estates, and he had practiced in that area. He had passed the Colorado bar examination and was admitted to the Colorado bar, with which he remained in good standing. Subsequently, he practiced law in Colorado for approximately 8 years, specializing in estate planning and taxation. In light of these facts, we determined that the applicant's education as a whole was functionally equivalent to an education received at an ABA-approved law school and granted a waiver.

O'Siochain did not take law school courses in trusts and estates, family law, and civil procedure at UCD. O'Siochain presented evidence that although civil procedure is required for graduation from the University of Nebraska College of Law, trusts and estates and family law are not. Thus, civil procedure is the only course required by the University of Nebraska College of Law that O'Siochain has not completed. We find this to be particularly significant.

[6,7] As illustrated above, our jurisprudence expressly states and demonstrates that the core courses we listed in *In re Appeal of Dundee, supra*, are not to be construed as a "checklist." Rather, we ought to consider "whether an applicant's education includes exposure to a range of foundational substantive areas of law." See *In re Application of Brown*, 270 Neb. 891, 901, 708 N.W.2d 251, 259 (2006). Admission rules are "intended to weed out unqualified applicants," not "to prevent qualified applicants from taking the bar." *In re Application of Collins-Bazant*, 254 Neb. 614, 621, 578 N.W.2d 38, 43 (1998). This court will not apply a strict application of § 3-105(C) if, in doing so, § 3-105(C) would ""operate in such a manner as to deny admission to a [qualified graduate of a foreign law school] arbitrarily and for a reason unrelated to the essential purpose of the rule."'" *In re Application of Collins-Bazant*, 254 Neb. at 621, 578 N.W.2d at 43.

O'Siochain studied U.S. law in preparation for the New York bar examination, and his studies included trusts and estates,

family law, and civil procedure. O'Siochain was deemed qualified to sit for the New York bar examination, having shown, inter alia, that the course of study he successfully completed was the substantial equivalent of the legal education provided by an ABA-approved law school. He was tested by the New York bar examination in all fundamental areas of U.S. law, including trusts and estates, family law, and civil procedure. He passed the New York bar examination and is a licensed attorney in good standing with the New York bar.

When O'Siochain's education is combined with his work experience as an attorney, efforts to become acquainted with U.S. law, passing of the New York bar examination, and admission to the New York bar, a waiver is appropriate. Upon a de novo review of the facts of this case, we conclude that O'Siochain is a qualified applicant for waiver.

## CONCLUSION

Based on a de novo review, we conclude that O'Siochain has met his burden of proving his law school education and experience were functionally equivalent to the education received at an ABA-approved law school and that as a result, a waiver of the educational qualifications requirement of § 3-105(A)(1)(b) is appropriate. We waive this requirement as it applies to O'Siochain and will allow him to be admitted to the Nebraska bar.

APPLICATION GRANTED.